[No. 10118.  Department One.  April 10, 1913.]

GEORGE NATH, *Respondent*, v. OREGON RAILROAD &
NAVIGATION COMPANY, *Appellant*.[1]

COMPROMISE AND SETTLEMENT—RESCISSION — FRAUD—EVIDENCE—
SUFFICIENCY.  A settlement cannot be avoided on the ground of
fraud in representing that the injuries sustained were temporary
and could be cured, where it appears that plaintiff, who was seriously
injured about his legs and feet, after several interviews made a
settlement and signed a release in consideration of $430, and made
no complaint or attempt to rescind until more than two years there-
after, and it was not shown that he was not in his right mind or
did not read the release, or that the representations were not honest
expressions of opinion.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered June 28, 1911, upon the
verdict of a jury rendered in favor of the plaintiff, for per-
sonal injuries sustained by an employee engaged in unload-
ing coal cars.  Reversed.

*W. W. Cotton, W. A. Robbins*, and *Dunphy, Evans & Gar-
recht*, for appellant.

*John F. Watson*, for respondent.

CROW, C. J.—Action by George Nath against the Oregon
Railway & Navigation Company to recover damages for per-
sonal injuries.  From a verdict and judgment in plaintiff's
favor, the defendant has appealed.

For some years respondent had been working for appellant
under written contract, unloading coal from cars into chutes.
He employed his own help and was paid by the ton for coal

[1]Reported in 131 Pac. 251.

handled. The chutes were located on an elevated trestle approached by a railway track having a ten per cent grade. On the trestle and opposite the chutes the track was practically level. Cars of coal were placed at the upper end of the elevated track near the chutes. As the coal was unloaded, respondent and his assistants would move a car with a pinch bar upon the level track from chute to chute, controlling it with blocks upon the track and a hand brake. On February 18, 1907, respondent was on one of the cars which was being moved from one chute to another. His assistant with a bar was pinching the car along, intending to spot it opposite the last chute toward the inclined track. In the progress of the work, respondent attempted to control the car with a hand brake. The brake would not work. Respondent lost control, and the car started down the incline. To save himself, respondent jumped from the car and was injured. He contends that appellant was negligent in failing to inspect the brake, and in not furnishing proper and safe appliances.

The controlling question on this appeal is whether the trial court erred in denying appellant's motion for a directed verdict. Several defenses were pleaded, upon which appellant now relies. We only find it necessary to consider the defense that respondent had made a settlement with appellant and had released it from further liability. Respondent contends that the release was fraudulently procured and was void.

In passing upon the sufficiency of the evidence to sustain a finding that the release was void, we must consider it most favorably to respondent. Thus considered it shows that the accident occurred on February 18, 1907; that respondent sustained serious injuries to his feet and legs although no bones were broken; that he was taken to appellant's hospital where he was attended by Dr. E. E. Shaw, the physician and surgeon of the appellant corporation. Within a few days, appellant contended, and respondent seems to have conceded, that, being a contractor and not appellant's servant, respondent was not entitled to hospital and surgeon's care at

appellant's expense. Respondent remained at the hospital a short time when he was removed to his home. About two weeks after the accident, he had an interview with one George Smith, appellant's claim agent, relative to a settlement of his claim for damages. He testified that Mr. Smith said he should not hire a lawyer; that his injuries were temporary; and that appellant would see that all was right, but that no definite terms of settlement were then discussed. He further testified that he again saw Mr. Smith a week or ten days later; that Smith then made him an offer which was refused; that afterwards on April 16, 1907, at their last interview, they agreed upon a settlement for $430, which was then paid by appellant, and that respondent then signed the release. No contention is made that respondent was not in his right mind, nor was it shown that he did not read the release. There is nothing in the record to show that he complained of the settlement or attempted to rescind it, until the commencement of this action more than two years thereafter. He now seeks to avoid the release on the ground that Dr. Shaw and the claim agent assured him that his injuries were not permanent, but that he would recover within five months from the date of the accident. He testified that he trusted and confided in them.

Even though Dr. Shaw and the claim agent did tell respondent he would recover within five months, and even though he believed these statements, yet no fraud has been shown. The evidence is not sufficient to sustain a finding that Smith's and Shaw's statements were false or fraudulent, or that they were anything further than an honest expression of opinion, in which respondent concurred. A physician and surgeon cannot be held responsible for an honest mistake or error in judgment. It is not contended that Dr. Shaw was not competent or qualified. The evidence shows that he has been employed by respondent since the occurrences of which respondent now complains. The law favors an amicable settlement of claims of this character, and when such a settle-

ment appears to have been fairly made, and has not been secured by fraud, false representations or overreaching, it must be sustained. *Owens v. Norwood White Coal Co.,* (Iowa), 138 N. W. 483, 491; *Schweikert v. Davis Lumber Co.,* 147 Wis. 242, 133 N. W. 136; *Railway Co. v. Bennett,* 63 Kan. 781, 66 Pac. 1018.

To avoid a settlement on the ground of fraud, requires clear and convincing proof. The most convincing evidence should be required in a case such as this, where the validity of the settlement was not questioned for more than two years. If respondent was defrauded and misled, as he now contends, he should have discovered that fact long prior to the commencement of this action. Yet he retained the money, worked for appellant at hard labor, and for more than two years made no attempt to rescind. The undisputed evidence shows that on November 1, 1907, less than nine months after his injury, he was employed by appellant as one of its bridge repairing crew; that he worked twenty-six days in November; twenty-seven days in December; a number of days in January, 1908, and also in the following February and March; yet during all this time there was no suggestion by him that he had been defrauded.

In *Garver v. Great Northern R. Co.,* 56 Wash. 519, 106 Pac. 192, it appears that plaintiff, an employee of a transfer company, while engaged in unloading freight, was injured by defendant's negligence. Thereafter a settlement was made, whereby in consideration of $500 he released the company. Later plaintiff contended that the alleged settlement had been fraudulently obtained; that he did not know it was a settlement; that he understood he was being compensated for loss of time only; that he reposed special confidence in the claim agent and the physician of the company; that they misrepresented the probable extent and duration of his injuries, and that he did not know the nature or contents of the papers which he executed. Yet his evidence disclosed that his mind was clear; that he knew what occurred at the time the settle-

ment was made; that the claim agent first suggested a settlement for the sum of $175, but that finally it was made for $500. The lower court held that the settlement was binding, and this court in affirming its decision held that no fraud had been practiced upon the plaintiff, as he had an opportunity to read the release, failed to do so, retained the $500, and had dealt at arm's length with the defendant. In this case it is not asserted that appellant did not understand the settlement he was making. His only contention is that he was deceived by the opinion of the physician and claim agent which he insists were representations of fact. After a careful consideration of the entire record, we conclude that sufficient evidence to sustain a finding that the release was fraudulently obtained has not been produced. The motion for a directed verdict should have been sustained. The judgment is reversed, and the cause remanded with instructions to dismiss.

PARKER, CHADWICK, GOSE, and ELLIS, JJ., concur.