[No. 13087.   Department One.   April 8, 1916.]

THOMAS SPRATT, *Respondent*, v. NORTHERN PACIFIC RAILWAY
COMPANY, *Appellant*.[1]

RELEASE—IMPEACHING—EVIDENCE — SUFFICIENCY.   The testimony
to overcome a written release of damages must be clear and convinc-
ing, especially where the signer "was at himself;" and is insufficient,
where it appears that he was intelligent, sought the settlement, and
then asked for a life job, and he alone testified that he signed under
a misunderstanding and promise of a life job, two witnesses testify-
ing that the release was read and explained to him.

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered March 29, 1915, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action to recover for personal injuries sustained by a rail-
road employee.   Reversed.

*Cannon & Ferris*, for appellant.

*Zent, Powell & Redfield*, for respondent.

CHADWICK, J.—Respondent fell from a car and was in-
jured.   The result of the injury is what is known as "flat
foot."   Our conclusions upon a collateral question makes a
statement of the facts unnecessary and relieves the court of
a consideration of the merits of the case, such as negligence,
contributory negligence, and assumption of risk.   Some four
weeks after respondent was hurt, he went voluntarily to the
claim agent of the appellant, and after making his demands
known and after admitted negotiations, signed the following
release:

"RELEASE OF DAMAGES

"Know all men by these presents, That in consideration of
the sum of one hundred fifty ($150) dollars, to me in hand
paid by the Northern Pacific Railway Company, the receipt
whereof is hereby acknowledged, I have released, acquitted

[1]Reported in 156 Pac. 563.

and discharged, and by these presents do release, acquit and forever discharge, the said Railway Company, its successors and assigns, of and from any and all cause or causes of action, costs, charges, claim or demand of whatever name or nature, in any manner arising or to grow out of the personal injuries received by me at Spokane, Washington, on or about June 28th, 1914, while working in the employ of said company as a laborer I met with an accident, and was injured,

"The receipt of said sum of one hundred fifty ($150) dollars being hereby acknowledged to be in full payment, satisfaction and discharge of any and all such cause or causes of action, costs, charges, claim and demand arising or growing out of said injuries now known or hereafter to become known, and in full compromise settlement of any and all liability of said Railway Company on account thereof.

"In witness whereof, I have hereunto set my hand and seal this 31st day of July, A. D. 1914."

Respondent contends that he is not bound by the release because, notwithstanding its plain terms, he was under the impression that he was simply signing a paper equivalent to a pay roll, the same as if he were signing for his pay check; that he signed it with an understanding that he was to have an assured employment in the future. To use his own words:

"Then I asked him for a job and I asked for a lifetime job. He said he couldn't give me that but I could go back to work, and bump any men on the job that I wanted, and I could work as long as I wanted to, have a job as long as I wanted to work."

The claim agent and another say that the release was read and explained to respondent. It is admitted that the claim agent told respondent that he would see the agent and see if there was anything he could do.

Releases in a case of this kind are like any other writing, and they are not to be lightly overcome. *Nath v. Oregon R. & Nav. Co.*, 72 Wash. 664, 131 Pac. 251; *Garver v. Great Northern R. Co.*, 56 Wash. 519, 106 Pac. 192; *Golle v. State Bank of Wilson Creek*, 52 Wash. 437, 100 Pac. 984. The testimony should be clear and convincing, especially so

where, as in this case, the issue strips down to one charge that the one seeking to overcome it did not understand the paper which he admits was read to him. His case would even fall within the rule contended for by Judge Dunbar in his dissenting opinion in *Pederson v. Seattle Consol. St. R. Co.*, 6 Wash. 202, 33 Pac. 351, 34 Pac. 665. The dissent was based on the fact, not that the plaintiff could not read or write or that the writing had not been sufficiently or truly explained, but because he was sought out by interested ones and a release obtained, "while the man was lying mangled and shocked by the injury, before his wounds were dressed or his mind composed," and in consequence he was incapable of contracting. No such condition appears in this case. Respondent was at himself.

In *Miller v. Spokane International R. Co.*, 82 Wash. 170, 143 Pac. 981, there was testimony to sustain the plaintiff's contention that the release was not read. We held it was for the jury to say whether an inference of fraud followed the facts. Respondent admits the dissimilarity of this case.

Taking into consideration the facts as testified to by the witnesses, the attending circumstances, and the reasonable inferences and probabilities, it would seem that respondent has not sustained the burden that is upon him to overcome his waiver. Respondent, although he says that he was unable to read or write, was an unusually adroit witness. He followed the theory of counsel in his answers with consummate skill. He speaks as correctly as the average witness, if not more so. He went to the claim agent seeking a settlement. He was in full possession of his faculties. He was not sought out by a claim agent and importuned or harassed into a settlement at a time when he was in pain or peril or under the influence of opiates as in several cases where similar releases have been set aside. The law neither prevents nor denies the right to contract for a release with an illiterate person. As against a showing that the contract was read and voluntarily executed; that there was no active attempt to mislead or

deceive; that the party seeking to overcome it was not laboring under the duress of pain and suffering; that he was not under the influence of narcotic drugs, and was himself seeking the settlement that was made; the testimony of the claimant, who alone testifies that he signed under a misunderstanding, is insufficient to pass the case beyond the rule of clear and convincing evidence.

Reversed and remanded with instructions to dismiss.

MORRIS, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.