[No. 31892. Department Two. July 31, 1952.]

ETHELYN HOWELL, *Appellant*, v. DWIGHT C. BENTON *et al.*, *Respondents.*[1]

[1]Reported in 246 P. (2d) 823.

*G. Bradley Dalton*, for appellant.

*Lundin & Barto*, for respondent Benton.

FINLEY, J.—A Mr. Benton, while unmarried, met a Mrs. Howell, a divorcee. Both were residents of the Malloy Manor, an apartment house in the University district of Seattle. For some time they saw each other frequently, often having dinner together. Eventually, Mr. Benton ceased paying attentions to Mrs. Howell and moved from the Malloy Manor to the Collegiana Apartments, managed by Mrs. Ellerby and located about a block away from his former residence. Thereafter, Mrs. Howell began to seek after Mr. Benton, both in the hallways of his apartment building and on the streets, following him, watching him, and writing notes to him. He objected to her actions, but the protests on his part were unavailing; she continued the chase.

He complained to the prosecuting attorney's office. Mrs. Ellerby, the landlady at the Collegiana Apartments, also complained. Two justice court complaints and an insanity charge were filed against Mrs. Howell. Based upon the part allegedly played by Mr. Benton and Mrs. Ellerby in the aforementioned proceedings, Mrs. Howell instituted this lawsuit to recover damages against them for malicious prosecution.

There are three separate causes of action. The first is against both Mr. Benton and Mrs. Ellerby and is based on a complaint, signed by Mrs. Ellerby and filed by the prose-

cutor, accusing Mrs. Howell of being a lewd, dissolute, or disorderly person. This complaint was dismissed in the justice court. A finding of probable cause was made by the justice of the peace, who presided. The second cause of action is against the two above defendants and is based on a complaint charging vagrancy, signed by Mr. Benton. Under this complaint, Mrs. Howell was convicted in the justice court. Her appeal resulted in a hung jury. After the jury disagreed, appellant signed a release, agreeing not to bring a civil suit against Mr. Benton. The action was dismissed and there was no further prosecution. The third 'cause of action is again against both defendants. It grew out of the swearing out of the insanity complaint against Mrs. Howell. Neither of the defendants signed that particular complaint. It was just filed by the prosecutor's office. In proceedings thereunder, Mrs. Howell was declared sane.

At the close of the evidence in the instant case, the trial judge dismissed Benton from the first cause of action, and dismissed Mrs. Ellerby from the second and third. Obviously, this left a lawsuit against Mrs. Ellerby on the first cause of action, and against Mr. Benton on the second and third. The jury found for Mrs. Ellerby on the first, for Benton on the second, and for Mrs. Howell on the third cause of action. Mrs. Howell's motions for judgment notwithstanding the verdict on the first two causes of action were denied. Benton was granted his motion for judgment notwithstanding the verdict on the third cause of action. Mrs. Howell has appealed.

Error is assigned as follows: (1) In dismissing Benton from cause one, and instructing the jury to that effect; (2) in dismissing Mrs. Ellerby from causes two and three, and so instructing the jury; (3) in denying appellant's motions for judgment notwithstanding the verdict or a new trial on the first and second causes; (4) in giving instruction No. 23, presenting to the jury the question of the validity of the release executed by Mrs. Howell, as aforementioned; and (5) in granting Benton's motion for judgment notwithstanding the verdict on the third cause of action.

In the first cause of action, it was charged that defendants, Mr. Benton and Mrs. Ellerby, did "jointly conspire" against Mrs. Howell, maliciously intending to injure her by accusing her of being a lewd, dissolute, and disorderly person. The complaint relative to the first cause of action was signed or sworn out by Mrs. Ellerby. There was no evidence or reasonable inference therefrom that there was any conspiracy between the two defendants. Hence, defendant Benton was properly dismissed from the first cause of action. For the same reason, defendant Ellerby was properly dismissed from causes two and three.

There was substantial evidence to support the verdict of the jury in favor of Mrs. Ellerby on the first, and Benton on the second, causes of action. Therefore, the court was correct in denying appellant Howell's motions for judgment notwithstanding the verdict on those causes.

After the jury failed to agree as to a verdict in the prosecution of the second vagrancy charge brought against Mrs. Howell, she signed a release as follows:

"Release

"I, Ethelyn Howell, hereby agree and promise not to bring a civil suit against Dwight Benton. This promise is made in consideration of Mr. Benton's request to the Prosecuting Attorney to dismiss the case of State of Wash vs. Ethelyn Howell, Sup. Ct. #25025. This release covers all causes of actions for all time to this date which I may have against Dwight Benton.

"Dated this March 24th 1949
"Ethelyn M. Howell
"Witness Leo J. Peden."

The case was subsequently dismissed.

This release was submitted to the jury on the following instruction:

"No. 23

"The plaintiff alleges in her amended reply that the release signed by her was obtained by duress and that there was no consideration therefor. In this connection, I instruct you that the burden is upon the plaintiff to sustain the charge of duress by evidence which is clear and convincing.

"Likewise, the burden is upon the plaintiff to prove lack of consideration by a preponderance of the evidence. In this

connection, I instruct you that any promise made by the defendant Benton to request the prosecuting attorney to dismiss the case of State of Washington vs. Ethelyn Howell would be adequate consideration for the release; and in this connection I further instruct you that such request could be made by the defendant Benton in person or his attorney.

"If you should find that said release was obtained through duress, then there would be no release on the part of the plaintiff in this case.

"If you should find that the plaintiff Howell executed a valid release, without duress and for adequate consideration, to defendant Benton, then your verdict should be for defendant Benton on the 2nd vagrancy cause of action."

Appellant's position is that this matter should not have been submitted to the jury for the reason that the release was obtained through duress, and there was in fact no consideration for any release.

The instruction given correctly states the law. Forbearance to sue or assert a legal right constitutes valid and sufficient consideration for a contract. *Bank of America Nat. Trust & Savings Ass'n v. Stotsky,* 194 Wash. 246, 77 P. (2d) 990; *McHugh v. Rosaia,* 184 Wash. 463, 51 P. (2d) 616. Whether or not such consideration existed is a question for the jury.

Evidence of fraud or duress to warrant setting aside a written release must be clear and convincing. *Simmons v. Kalin,* 10 Wn. (2d) 409, 116 P. (2d) 840; *Reynolds v. Day,* 93 Wash. 395, 161 Pac. 62; *Spratt v. Northern Pac. R. Co.,* 90 Wash. 592, 156 Pac. 563; *Mattson v. Eureka Cedar Lbr. & Shingle Co.,* 79 Wash. 266, 140 Pac. 377. Whether the one attacking the release has met this burden is a question for the jury. *Cameron v. Benefit Ass'n of R. Employees,* 6 Wn. (2d) 440, 107 P. (2d) 1096; *Mattson v. Eureka Cedar Lumber & Shingle Co., supra.*

The submission of this release to the jury was not error.

The final assignment of error concerns the granting of respondent Benton's motion for judgment notwithstanding the verdict on the third cause of action.

A motion for judgment notwithstanding the verdict can be granted only when the court can say as a matter of

law that there is neither evidence nor reasonable inference from evidence sufficient to sustain the verdict. *Hajduk v. Grays Harbor R. & Light Co.*, 115 Wash. 217, 196 Pac. 625.

On appeal from a judgment for defendant notwithstanding the verdict for plaintiff in a malicious prosecution action, this court is required to view the evidence in the light most favorable to the plaintiff. *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn. (2d) 485, 125 P. (2d) 681. A judgment notwithstanding the verdict can be sustained only if we can say as a matter of law on the whole record that there is neither evidence nor reasonable inference from the evidence to justify the verdict. *Mathers v. Stephens,* 22 Wn. (2d) 364, 156 P. (2d) 227.

The cause of action upon which Benton's motion for judgment notwithstanding the verdict was granted relates to the insanity complaint against Mrs. Howell. The application for her apprehension as a mentally ill person was filed by one of the deputy prosecutors for King county, and was signed only by him. There is no evidence that Mr. Benton asked the prosecutor to swear out this complaint or that he even suggested it. There is evidence that he complained of Mrs. Howell's actions and asked that something be done. The decision that perhaps Mrs. Howell was not normal and that she was in need of mental help was made by the deputy prosecutor alone. He issued the insanity complaint on his own initiative. Upon the basis of this complaint, Mrs. Howell was arrested, detained, and examined by doctors. On December 12, 1949, she was discharged by a judge of the superior court for King county. The court, in his judgment of dismissal, found "That the applicant and all persons and parties connected herewith acted lawfully and in good faith." The law at that time was, that one who files an application for commitment in good faith shall be exempt from civil or criminal liability. Rem. Supp. 1949, § 6953-3. A provision to this effect was re-enacted in Laws of 1951, chapter 139, § 31, p. 352 (RCW 71.02.100). Appellant herself put into evidence the exhibits wherein this finding of good faith was contained. She is bound by them.

 The gist of the action for malicious prosecution rests in malice and want of probable cause. To maintain the action, these elements must be alleged and proved. *Pallett v. Thompkins,* 10 Wn. (2d) 697, 118 P. (2d) 190. The burden of proof is on the plaintiff. *Peasley v. Puget Sound Tug & Barge Co., supra.*

 Applying the law of malicious prosecution to the facts before us, and in considering them in the light most favorable to the appellant, we find that there is not sufficient evidence to support a verdict for the appellant. Therefore, respondent Benton's motion for judgment notwithstanding the verdict was properly granted.

The judgment of the trial court is affirmed.

SCHWELLENBACH, C. J., MALLERY, HILL, and OLSON, JJ., concur.

[1]Reported in 246 P. (2d) 831.