# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Detention of<br><br>PHILLIP GOODWIN,<br><br>                    Appellant.<br>. | No. 81728-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

APPELWICK, J. — Goodwin appeals the trial court's denial of his CR 60(b)(11) motion to withdraw his stipulation that he meets the statutory criteria of a sexually violent predator. He argues the stipulation was void for lack of consideration. We affirm.

## FACTS

The State filed a petition to civilly commit Phillip Godwin as a sexually violent predator (SVP) in 2011. Goodwin's severe health issues resulted in significant delays to the proceeding. The parties reached a stipulated agreement to civil commitment on October 11, 2018. The stipulation indicated that "[t]he parties jointly move[d] the Court for an order accepting the Stipulation and committing Phillip Goodwin under [chapter] 71.09 [RCW]." Paragraph 12 of the stipulation contained a provision relating to consideration,

> As consideration for this stipulation, the State agrees that, if, after 12 months from the date of this stipulation, (1) State believes Respondent is appropriate for release to a less restrictive alternative pursuant to RCW 71.09.092 and .096 based on the State's expert evaluation; (2) Respondent has complied with the conditions enumerated in paragraph 13 below; and (3) Respondent has presented a less restrictive alternative plan that complies with the

criteria[ ] listed in RCW 71.09.092 including chaperone(s), the State will not oppose the Court's entering a finding under RCW 71.09.092 that the minimum conditions for conditional release to a less restrictive alternative have been met.

After conducting a colloquy with Goodwin on the record, the trial court accepted the stipulation and entered an order committing Goodwin.

At his next annual review, a Department of Social and Health Services psychiatrist concluded that Goodwin still met the criteria for civil commitment and recommended against a less restrictive alternative.

Goodwin then brought a CR 60(b)(11) motion to withdraw his stipulation on the grounds that the stipulation agreement was not supported by consideration, was not voluntary, and that he received ineffective assistance of counsel in entering into the agreement. The trial court denied the motion.

Goodwin appeals.

DISCUSSION

On appeal, Goodwin argues that the stipulation he entered into lacked consideration and that he received ineffective assistance of counsel in entering into the stipulation because his counsel did not advise him of that fact. We review the denial of a CR 60(b) motion for abuse of discretion. Haley v. Highland, 142 Wn.2d 135, 156, 12 P.3d 119 (2000).

SVP proceedings are civil in nature. In re Det. of Reyes, 184 Wn.2d 340, 347, 358 P.3d 394 (2015). Under the civil rules, a stipulation is a contract between the parties. Allstot v. Edwards, 114 Wn. App. 625, 636, 60 P.3d 601 (2002). Contracts require consideration to be enforceable. King v. Riveland, 125 Wn.2d

2

500, 505, 886 P.2d 160 (1994). Consideration is a bargained-for exchange of promises. Labriola v. Pollard Grp., Inc., 152 Wn.2d 828, 833, 100 P.3d 791 (2004). We generally do not inquire into the adequacy of consideration and instead utilize the legal sufficiency test. Id. at 834. The forbearance to assert a legal right is legally sufficient consideration to support a binding contract. Howell v. Benton, 40 Wn.2d 871, 875, 246 P.2d 823 (1952).

The State begins the SVP process by filing a petition alleging that a person is an SVP. RCW 71.09.030(1). Upon the filing of a petition, the judge determines whether probable cause exists to believe that the named person is an SVP. RCW 71.09.040(1). If the judge so determines, a trial is held within 45 days to determine if the person is an SVP. RCW 71.09.050(1). Both the State and the person have the right to demand the trial be before a jury. RCW 71.09.050(3).

Here, the State and Goodwin each waived their right to demand a jury trial by entering into the stipulation. Their forbearance to assert that legal right is adequate consideration to support a contract. Therefore, the trial court correctly concluded that the stipulation was supported by consideration.[1] Goodwin's claim that he received ineffective assistance of counsel because his counsel failed to inform him of the lack of consideration fails for the same reason. The trial court

---

[1] Paragraph 12 of the stipulation contains additional promises from the State "as consideration" for the stipulation. Goodwin argues these promises were illusory and cannot serve as consideration. We need not address the issue since the State's forbearance of its right to demand a trial in the first instance is legally sufficient consideration.

did not abuse its discretion in declining Goodwin's motion to withdraw the stipulation.

We affirm.

_Appelwick, J._

WE CONCUR:

_Dwyer, J._          _Mann, C.J._