**206 P.2d 1050**

**OWINGS v. BORREGO.**

**No. 5010.**

Supreme Court of Arizona.

June 6, 1949.

William G. Hall, Hamilton R. Catlin and John F. Molloy, of Tucson, for appellant.

Krucker & Fowler and Richard B. Evans, of Tucson, for appellee.

FAIRES, Superior Judge.

This is an appeal from a judgment of the superior court of Pima county, entered in favor of the plaintiff-appellee and against the defendant-appellant herein, and from an order of said court denying appellant's motion for new trial and to set aside and vacate said judgment.

The issues presented involve consideration of appellee's second amended complaint, which is based upon a breach of contract, the answer thereto, the appellant's three counterclaims, and appellee's answer to said counterclaims.

Appellant and appellee on April 1, 1945, entered into a certain written contract, which, insofar as same affects the issues herein, provided that appellant buy cattle to be placed upon appellee's ranch, appellee to pasture and care for same, receiving as compensation for such services one half the net profit from the sale of said cattle. The net profit was to be the balance remaining after returning to appellant the cost of the cattle and all expenses incurred in their care, raising, and marketing; all bills incurred and submitted for payment were to have the approval of both parties.

The contract further provided that all calves born of said cattle were not to be sold but divided equally between the parties when said calves were three months old, and at said time were to become the individual property of the parties. Appellee agreed that without charge he would pasture and care for all calves accruing to appellant until they were one year old. The title to all other cattle not sold under this agreement was to remain the sole prop-

erty of appellant. The contract expressly provided that appellee would acquire no interest in the cows furnished by appellant, but was to receive one half of the calves as above specified. ·

The agreement was to remain in effect for one year and upon expiration of that time would be subject to cancellation by either party upon thirty days' notice in writing. In such event, a fair and equitable settlement would be made by the respective parties, or, in case of disagreement, the matter would be submitted to arbitration.

After an unsuccessful attempt to arbitrate their differences, the parties filed this suit stipulating that the provisions of said contract relating to submission of disagreement to arbitration be waived and that the award made by said arbitrator should be disregarded.

The case was tried before the court sitting without a jury, and at the conclusion thereof, with no formal findings of fact being made as none were requested, the court entered judgment by direction to the clerk in the form of a minute entry in the words and figures following, to wit:

"It is ordered that judgment be entered for the plaintiff and against the defendant, R. R. Owings, in the sum of one-half of Two Thousand Forty-One and 35/100 Dollars ($2,041.35), and defendant R. R. Owings will have judgment on his counterclaim against the plaintiff, A. F. Borrego, in the sum of Two Hundred Fifty Dollars ($250.00), and shall be disallowed judgment on defendant's supplemental counterclaim against the plaintiff."

The first assignment of error and proposition of law attacks the form of the judgment, supra, which was entered under the provisions of section 21-1230, A.C.A. 1939. It is urged that the trial court erred in failing to enter and file a written judgment since relief other than money, to wit, the possession and division of the calves, was clearly an issue. There is no merit to this assignment as this section predicates the procedure of entering a judgment squarely upon the form of the direction as given by the court, and not upon what judgment should properly have been entered under the evidence. It will be noted that the "direction" here, however erroneous, was expressly limited to a "recovery of money only", thus bringing the judgment as entered strictly within the letter of the statute, section 21-1230, supra. We reaffirm, without quoting, the interpretation of this section found in Southwestern Freight Lines v. Shafer, '57 Ariz. 111, 111 P.2d 625.

The evidence is in conflict as to the exact time the parties gave notice of cancellation. It is claimed by appellant that he gave notice on March 2, 1946. On cross-examination, appellee made the following admission:

"Q. Then going to this other conversation April 1st, I will ask you to state if you

and Mr. Owings did not have this conversation out at your house, on April 1st, (1946) about ten o'clock in the morning, Mr. Borrego said, 'I am not making anything out of the contract, and I want to cancel it completely.' Do you remember making a statement to that effect to Mr. Owings? A. I don't recall the exact words; I probably did."

It is clear from the record that both parties waived the giving of written notice of cancellation as provided in the contract. Appellant maintains that the contract was terminated on April 1, 1946 and that all matters were to be determined as of that date; whereas appellee consistently urged that the contract remained in force and effect until a satisfactory settlement could be reached. The trial court evidently subscribed to this latter view because it permitted evidence as to stock values, as well as the number of calves born, to be established as of March 7, 1947, the date of trial.

The evidence shows that all of the cattle placed upon appellee's ranch were removed by appellant on May 22, 1946, and, insofar as the record shows, without objection on the part of the appellee, indicative of the previous understanding of the parties of the termination of the contract. Months thereafter appellee confined and restrained twelve head of these cattle straying into his enclosure, which were being held by him at the time of trial on the unwarranted premise that he was entitled to an agistor's lien, section 62-404, A. C.A.1939, upon said cattle by reason of failure to secure a satisfactory settlement under the contract. We hold that under the terms of the contract the question of settlement could not keep the contract in force after the expiration of thirty days from the date that notice of cancellation was given.

It is not disputed that prior to April 1, 1946, a number of calves had been born to the cows numbered among the cattle in question, which calves, when three months old, were, under the terms of the contract, to be equally divided between the parties, thereafter becoming their individual property. Evidence was admitted, over the timely objection of appellant, as to the number of calves born between April 1, 1946, and the date of trial. This testimony was wholly irrelevant and should not have been admitted as the contract between the parties had been terminated as of the former date, hence the appellee had no legal interest in any subsequently born calves. It appears to us that the lower court had the imperative duty to determine the number of calves to be divided and by its judgment to direct a division thereof. While the judgment is silent as to this feature, if there was included in said money judgment the value of the calves owned by appellee, such was erroneous as this would amount to forcing appellant to purchase appellee's calves, which is contrary to the terms of their

410

agreement. While it is our invariable rule that, in the absence of specific findings, the trial court is presumed to have found every fact necessary to sustain its judgment that may reasonably be deduced from the evidence, Scoville v. Vail Inv. Co., 55 Ariz. 486, 103 P.2d 662; Lininger v. Desert Lodge, 63 Ariz. 239, 160 P.2d 761; Mead v. Hummel, 58 Ariz. 462, 121 P.2d 423, still, in the instant case, the conclusion seems inevitable that the trial court either included the value of the calves in computing the net profit or else gave this item no consideration; hence, whichever course was taken was erroneous.

■ As heretofore stated the trial court admitted evidence over the objection of appellant's counsel as to the value of the cattle as of the date of trial, March 7, 1947, or immediately prior thereto, and allowed testimony to be given to determine the net profit as of that time based upon the then market value, which was almost one year from the date of the termination of the contract. The testimony of appellee on this point was inadmissible, and for this reason as well as the failure to properly divide the calves between them, the case must be remanded for a new trial.

■■ In the briefs much time and effort by both parties was devoted to an abstract discussion of the law governing partnerships and bailments, appellant contending that from the entire record before us it is apparent that the relationship between the parties was that of a limited partnership or joint adventure, and hence under the rule announced in Boyle v. Webb, 54 Ariz. 188, 94 P.2d 642, it was error for the trial court to enter judgment in favor of appellee on the second amended complaint rather than ordering an accounting to be had between them. However, appellee insists that the written agreement and evidence adduced relative thereto wholly fail to establish a partnership, but on the other hand show that the effect of the contract was to create a specialized type of bailment known as a contract of agistment. These contentions were not presented to the trial court either by the pleadings or at the trial, hence it would be manifestly unfair for us to determine this appeal on these newly advanced theories. See City of Glendale v. Coquat, 46 Ariz. 478, 52 P. 2d 1178, 102 A.L.R. 837; In re Hayward's Estate, 65 Ariz. 228, 178 P.2d 547. We consider it unnecessary to express an opinion as to the precise relationship thus created between the parties, it being sufficient to hold that to carry out the express terms of their agreement, by whatever name it may be labelled, requires that an accounting be had between them in order to arrive at the true net profit available for division. Inasmuch as a retrial is necessary the parties in advance of trial should be permitted to amend their pleadings to clarify the issues, and the learned trial court will then be in a position to determine the legal questions presented.

The foregoing conclusions make it unnecessary for us to consider the other assignments of error.

The judgment is reversed and the cause remanded for new trial.

UDALL, STANFORD, PHELPS, and DE CONCINI, JJ., concurring.

NOTE: Chief Justice LaPRADE being ill, the Honorable C. C. FAIRES, Judge of the Superior Court of Gila County, was called to sit in his stead.