303 P.2d 267

Rose L. ROSEN, Appellant,

v.

Leslie J. HADDEN, d/b/a Hadden Construction Co., Appellee.

No. 6189.

Supreme Court of Arizona.

Nov. 5, 1956.

196

Ackerman & Ares, Tucson, for appellant.

Boyle, Bilby, Thompson & Shoenhair and Wilbert E. Dolph, Jr., Tucson, for appellee.

STRUCKMEYER, Justice.

Judgment in this cause was entered in favor of appellee for the value of improvements placed on property owned by appellant. The trial court sitting without a jury did not make findings of fact or conclusions of law nor were any requested. Therefore, on this appeal all inferences supported by the evidence will be taken in favor of appellee. Owings v. Borrego, 68 Ariz. 405, 206 P.2d 1050.

In the summer of 1953 appellee and one Rotello were engaged in the business of contracting under the firm name of "Hadden-Rotello Company". This partnership was licensed in June, 1953, to engage in the business of contracting, which license did not expire either by statute or by its express terms until June 30, 1954. Appellee Hadden did not personally have a contractor's license. On the 31st day of August, 1953, Hadden and Rotello formally dissolved their partnership, but agreed that the work of the Hadden-Rotello Company would continue for the purpose of completing outstanding undertakings. Hadden agreed to fulfill the previous partnership commitments and assumed its liabilities for work and materials arising therefrom. Rotello on his part assigned all proceeds to Hadden.

Several days later in September Hadden started construction on appellant's property. This, it should be emphasized, was after the dissolution; however, the reasonable import of Hadden's testimony leads to the belief that the improvements were the result of negotiations carried on by the partnership prior to the dissolution of August 31st. Hadden specifically testified

that this was a Hadden-Rotello partnership job:

"Q. Was this Rosen job one of the jobs which you agreed to continue under the name of Hadden-Rotello? A. It is my opinion that was my understanding, we were to continue with that job; that job had started prior to the 31st of August, inasmuch as the preliminary work was done prior to construction."

By Section 67–2320, A.C.A.1939, as amended, A.R.S. § 32–1153, an unlicensed contractor is prohibited from bringing or maintaining any action in any court of this state to collect compensation for work for which a contractor's license is required. It is appellant's position that Hadden was not a duly licensed contractor at the time of the performance of the services and labor. This position is untenable. A partnership continues to exist after its dissolution for the purpose of winding up its affairs. Engelbrecht v. McCollough, 80 Ariz. 77, 292 P.2d 845.

Appellant also urges that the evidence is sufficient to justify the belief that the partnership of Hadden and Rotello was extinguished by the addition of others as partners, and that this partnership doing business under the name of "Hadden-Rotello Company" was not licensed. While we think that the evidence might be so construed, it is also susceptible of the construction that there were not additional partners during the time when the improvements were placed on appellant's property. Appellee testified:

"Q. After the issuance of this contract you had three other partners? A. No.

"Q. You said you had three partners? A. I didn't say—I didn't have them after this.

"Q. When did they come into it? A. We had another company that existed. The group was working prior to issuance of this license and prior to this issuance."

It is appellant's further position that appellee was not a duly licensed contractor at the time of the Rosen job because of Rule X, Rules and Regulations of the Registrar of Contractors, providing:

"Any change in the personnel of a partnership either by the withdrawal or the addition of members voids the license. * * *"

As stated the evidence is not necessarily susceptible to the construction that there was any change in the personnel of the partnership; but were it otherwise, the appellant still could not prevail.

By statute, Section 67–2308, A.C.A.1939, as amended, A.R.S. § 32–1125, it is provided that "All licenses issued under the provisions of this act shall elapse and expire on June 30 of each year." Accordingly, the Hadden-Rotello license would continue in full force and effect until June 30, 1954, unless it were suspended or revoked in accordance with the law then existing. Section 67–2311, A.C.A.1939, as amended, A.R.S. § 32–1154, provides:

"* * * The registrar of contractors may upon his own motion, and shall upon the verified complaint in writing of any person, investigate the acts of any contractor within the state, and shall have the power to temporarily suspend or permanently revoke any license issued under the provisions of this act if the holder, while a licensee hereunder, is guilty of or commits any of the following acts or omissions: * * * (11) Aiding or abetting an unlicensed person to evade the provisions of this act or knowingly combining or conspiring with an unlicensed person, or allowing one's license to be used by an unlicensed person or acting as agent or partner or associate, or otherwise, of an unlicensed person with the intent to evade the provisions of this act. * * *"

We construe this to mean that the legislature has not authorized the Registrar of Contractors to suspend or revoke licenses except upon the grounds specified in the statute. Nor is the statute self-executing in the sense that, if a licensee has committed an act for which his license may be suspended or revoked, the mere commission of the act is sufficient to invalidate the license. By statute, Section 67–2312 et seq., A.C.A.1939, as amended, A.R.S. § 32–1155 et seq., a definite procedure is outlined to be followed before a license can be revoked. The procedure not only requires the filing of a complaint with the Registrar of Contractors setting forth the grounds for suspension or revocation, but demands a hearing and an opportunity to defend by notice of the hearing. Until this procedure has been followed the Registrar of Contractors is without authority to suspend, revoke or otherwise void a duly issued license and, of course, could not do so merely by adopting a regulation which by its terms voids a license. Our conclusion both from an examination of the evidence and the law applicable hereto is that Section 67–2320, supra, prohibiting the bringing or maintaining of an action for compensation by an unlicensed con-

tractor has no application to the proceeding.

Affirmed.

LA PRADE, ·C. J., and UDALL, WINDES and PHELPS, JJ., concur.