414 P.2d 193

Moses KADISH and Doris Kadish,
Appellants,

v.

Frederick E. KALLOF, Appellee.

No. 1 CA–CIV 106.

Court of Appeals of Arizona.

May 16, 1966.

Evans, Kitchel & Jenckes, Ralph J. Lester, Phoenix, for appellants.

John E. Madden and John Schaper, Phoenix, for appellee.

STEVENS, Chief Judge.

This matter relates to the question of the consideration given for a promissory note and to the question of the availability of summary judgment after an extensive hearing on an application for a pendente lite injunction. The appellants are the plaintiffs below.

Mr. Kadish and his wife owned in excess of 60% of the outstanding stock of Govway Department Stores, a corporation. Mr. Kadish devoted his full time to the management of the corporate business, he being the president and a director of the corporation. He drew a substantial salary. Mrs. Kadish managed one of the concessions on a salary basis, the concession being a separate corporation. There was testimony that a resident of California owned some, or most of the corporate stock of the concessionaire.

In early 1959, Govway was represented by a Los Angeles attorney who associated an Arizona attorney in the handling of purely Arizona matters. The defendant then was, and now is, a member of the Arizona Bar, practicing in Phoenix. In 1959, Kadish and Kallof became acquainted in connection with the negotiation of a business transaction in which the father of Kallof was acting as a broker. Soon thereafter Kallof was employed to perform limited professional services. Kadish and the California attorney deemed it desirable to retain Arizona counsel and the employment of Kallof on a regular, as distinguished from a sporadic basis, was initially discussed at a meeting which took place in mid 1959 and which was attended by three persons, Kadish, the California attorney and Kalliof.

At the time of the meeting Govway was experiencing financial problems and the corporation continued to experience financial problems through the balance of its corporate business life. Kadish personally guaranteed the corporate lease, a potential personal liability of $75,000. He personally guaranteed bank loans and business deals in relation to the corporation. It was estimated in the record that his personal guarantees may have been as great as $250,000.

During the period of Kallof's professional services as an attorney, there were numerous corporate problems. Great efforts were put forward seeking a loan in excess of one million dollars for the purpose of placing Govway in a sound position relative to operating funds. There were numerous lawsuits wherein Kadish and Govway were parties defendant. Kallof represented both of them in the litigation.

In mid 1959, when Kallof was retained as counsel all fee arrangements were verbal. In the summer of 1963, Mr. and Mrs. Kadish and Kallof signed a single document entitled, "Employment Agreement", the same reciting that it was " * * * made and entered into this 1st day July 1959 * * * ". Mr. and Mrs. Kadish signed a promisory

note payable to Kallof in the principal sum of $43,342.45, which note bore the date of 5 June 1963. They also signed a second mortgage on their home reciting the same principal sum. The mortgage bears a notary acknowledgement dated 16 August 1963 and recording data showing the same to have been recorded in the late afternoon of the same date. After these documents were signed, Kallof continued to perform legal services until the suit was filed and the record discloses that the complaint was filed on 3 February 1964.

The suit is for a declaratory judgment to void the note and mortgage and it alleges:

"Plaintiffs have a valid defense to said note and mortgage in that they were gratuitously given, without any consideration therefor."

Mr. Kadish verified the complaint. At the time of the filing of the complaint, the plaintiffs secured the issuance of a temporary restraining order without notice which restrained Kallof from negotiating the note and mortgage and simultaneously an order to show cause was issued directing Kallof to show cause why a preliminary injunction should not issue. The taking of evidence in relation to the hearing of the order to show cause consumed portions of three separate days, days which were not in calendar sequence. Kadish and Kallof testified at length. A number of exhibits were received in evidence. The circumstances surrounding the employment of Kallof, the statements in relation to the fee arrangements, as well as the circumstances surrounding the signing of the Employment Agreement and the signing of a note and mortgage were thoroughly explored. There was a direct conflict in the evidence in relation to many of the issues. Prior to the completion of the hearing on the order to show cause, Kallof filed his answer and counterclaim. These were verified. The counterclaim set forth two claims for relief, one relating to the note including reasonable attorney's fees as authorized by the note and seeking to foreclose the mortgage. The second claim for relief related to the attorney's fees earned by Kallof not covered by the note, being the services rendered immediately prior to the filing of this suit. Kadish filed his verified reply to the counterclaim effectively joining issue with the claim set forth in the counterclaim.

Upon the conclusion of the hearing on the order to show cause, the trial judge entered a formal written findings of fact and conclusions of law. He quashed the temporary restraining order and declined to grant the requested preliminary injunction. Kallof moved for summary judgment on the note and mortgage based upon the extensive hearing on the order to show cause and the court's order entered upon the conclusion thereof. He filed no additional affidavits in support of this phase of the motion for summary judgment. He also moved for summary judgment as to the second claim for relief and in relation thereto, set forth an itemization of his claim, the motion in relation to the second claim being verified by Kallof. In opposition to the motion, the plaintiffs urged that the pleadings created issue of fact. They urged that the hearing disclosed disputed issues of fact. There were no affidavits filed in opposition to the motion for summary judgment. The court granted the motion for summary judgment as to the second claim for relief. The court also granted the motion for summary judgment as to the note and mortgage save and except the matter of the reasonable attorney's fees. The court fixed a day for hearing as to the attorney's fees, and after the receipt of evidence, fixed these fees in relation to the note. Thereafter judgment was entered on the note in the principal sum therein recited, together with the attorney's fees determined by the court at the hearing and for the foreclosure of the mortgage. In the same judgment, recovery for Kallof was allowed in connection with the second claim for relief as determined by the motion for summary judgment. This appeal followed.

In Arizona an appellant is no longer required to set forth assignments of error and propositions of law in relation to his

brief. The Rules of the Arizona Supreme Court govern procedures in the Court of Appeals. (Rule 47 of the Rules of the Arizona Supreme Court, 17 A.R.S.) Rule 5 relates to briefs and as amended, Rule 5 (b) 7 is as follows:

"The questions presented for review, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of the questions should be short and concise, should not be repetitious, and should not resemble in form or particularity the former assignments of error which are abolished by this amendment of Rule 5 (b) 7. The statement of a question presented will be deemed to include every subsidiary question fairly comprised therein." Amended effective January 1, 1965.

The Kadish opening brief recites:

## "QUESTIONS PRESENTED FOR REVIEW

"1. Whether or not the mere officer-stockholder relationship constitutes sufficient consideration in and of itself and as a matter of law, for the giving of a promissory note by an officer-stockholder of a corporation to its creditor for a past due debt of the corporation.

"2. Does the fact that the amount of a promissory note is erroneous in that it exceeds the true amount of the debt it represents, constitute a legitimate issue or defense in a suit upon the face amount of the note?

It is not until their reply brief that the appellants specifically refer to the propriety of proceeding by summary judgment. In this brief, after discussing the matter of consideration, they attempt to inject the issue of propriety of the summary judgment procedure as follows:

"There is therefore an issue of fact presented. And since the judgment on appeal was a *summary* judgment, the question on appeal is whether the record shows that there is no genuine issue of fact."

In no instance do the appellants question the determination of the trial court as to the attorney's fees claimed in connection with the second claim for relief, nor do they question the court's determination as to the reasonableness of the fees fixed in relation to the promisory note.

▮▮▮ In our opinion, the record before us justifies our holding that the propriety of proceeding by way of summary judgment cannot be considered by us for the reason that it was not raised in the opening brief. State v. Coursey, 71 Ariz. 227, 225 P.2d 713 (1950). Nevertheless, we will consider the propriety of the use of the summary judgment procedure. Rule 56 of the Rules of Civil Procedure (16 A.R.S.) is the Rule relating to motions for summary judgment. Rule 56(a) states that:

"A party seeking to recover * * * may * * * move with or without supporting affidavits for a summary judgment in his favor upon all or any part * * *"

of his claim. This rule permits the Kallof motion for summary judgment based upon the trial court's determination of the facts even though the facts were decided after hearing evidence which discloses that the parties are diametrically opposed in their views relative to the fact situation. The rule relative to summary judgment also contemplates that under some circumstances affidavits and other matters will be the basis of the motion for summary judgment. Rule 56(c) as amended, provides:

"* * *

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law. * * *"

Rule 56(d) authorizes the procedure used by the trial court in taking evidence relative to the reasonable value of the attorney's fees in relation to the promissory note.

Rule 56(e) as amended, requires that all affidavits be made on personal knowledge, set forth the facts which would be admissible in evidence and disclose that the affiant is competent to testify as to the matters therein stated. The rule further provides:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The memorandum in opposition to the motion for summary judgment urges that the trial court erred in its findings in relation to the hearing on the order to show cause and that the court need not repeat the same error in relation to a trial. While it is true that the California attorney did not testify in relation to the conversations in the mid 1959 meeting, there was no showing by affidavit or otherwise in opposition to the motion for summary judgment as to what his testimony would be. There was no showing that there was other or additional evidence which could be presented in relation to the disputed issues between the parties and on the face of the record to all intents and purposes, the trial court was justified in concluding that there would be an identity of evidence presented. We hold that where as here the trial court has heard the complete evidence and has made a determination based upon a contested pendente lite hearing and there is no showing that there is new or different or further evidence which might change the trial court's conclusions, it is appropriate to proceed by summary judgment.

In answering the questions which the appellants set forth in their opening brief and which are quoted earlier in this opinion, we must examine the record to determine whether the evidence supports the fact findings of the trial court and the legal conclusions to be drawn therefrom. If these matters are resolved in favor of the appellee, this cause must be affirmed. Where there are disputed questions of fact and the trial court has resolved the conflict of the testimony in favor of a party to the litigation, we will examine the record on appeal in the light most favorable to sustaining the action of the trial court. Linsenmeyer v. Flood, 1 Ariz.App. 502, 405 P.2d 293 (1965).

The following findings of fact made by the trial court upon conclusion of the hearing on the order to show cause are of greatest significance:

"3. At the time of the execution and delivery of said note and mortgage, the parties intended to create a bona fide, valid and binding obligation between them.

"4. There was no prior or contemporaneous oral understanding by and between the parties that the note and mortgage should serve as a device to hinder, delay or defraud creditors of plaintiffs nor was there any such understanding that the note and mortgage was in any wise other than as expressly stated therein.

"5. The note and mortgage were delivered by plaintiffs to defendant pursuant to the terms of that certain employment agreement theretofore entered into by and between plaintiffs and defendant, said agreement being Exhibit C to defendant's counterclaim, which said agreement was binding upon the parties and was valid and in full force and effect from and after its execution and delivery and at the time of the execution of said note and mortgage.

"6. A portion of the obligation on which the note and mortgage were based represents services previously performed by defendant on behalf of Govway Department Stores, Inc., in which plaintiffs had a substantial stock interest.

"7. Such services by defendant to Govway Department Stores, Inc., constitute

an adequate and valid consideration for the promises contained in the note and mortgage.

"8. There was an adequate and valid consideration for the execution and delivery by plaintiffs of said note and mortgage."

The appellants urge that there was an absence of consideration for the execution of the note asserting that all consideration in relation to attorney's fees arose out of the Kallof-Govway attorney-client relationship and that there was no showing that there was any additional consideration for the Kadish execution of the note and mortgage. The appellants further urge that even if there was sufficient consideration, the evidence disclosed a debt considerably less than the principal sum of the note.

 If Kadish upon his individual credit initially employed Kallof to render services on behalf of the corporation and thereafter continued to employ Kallof on his credit, this was a binding obligation from Kadish to Kallof. Consideration is a benefit to one or a detriment to the other and in this situation there was a definite benefit to Kadish and a definite detriment to Kallof. Cavanagh v. Kelley, 80 Ariz. 361, 297 P.2d 1102 (1956). In the event that Kallof rendered his services solely on behalf of the corporation and upon its credit, nevertheless if there was forbearance on his part, that forbearance coupled with the Kadish interest in the corporation was a sufficient consideration for the execution of the note and mortgage. Howell v. Benton, 40 Wash.2d 871, 246 P.2d 823 (1952). See 17 C.J.S. Contracts §§ 103, 104.

Kallof testified that at the time of the first conference relative to fees, he was well aware of the poor financial condition of Govway, that he wanted to be sure that he was paid; that Kadish stated that "he would pay him"; and that Kallof desired that the agreement eventually be reduced to writing. Kallof further testified that payment was slow; that he was in need of money; and

Kadish repeated that he, Kadish, would pay Kallof. The matter of the execution of the written Employment Agreement confirming the earlier oral arrangements was discussed. Kallof testified:

" * * * the employment agreement was just a confirmation of our oral understanding from the beginning."

The Employment Agreement which was executed in 1963, although bearing date of July 1959, recites in part:

"WHEREAS, GOVWAY DEPARTMENT STORE, INC. is not financially able to pay for said legal services, and

\* \* \* \* \* \*

"WHEREAS, Parties of the First Part are desirous of employing and retianing (sic) FREDERICK E. KALLOF, Party of the Second Part to render the above legal services for and on behalf of the Parties of the First Part and/or GOVWAY DEPARTMENT STORE, INC., and

"WHEREAS, Party of the Second Part is desirous of accepting said employment, provided adequate provision for payment thereof is made,

"NOW, THEREFORE, in consideration of the premises and of the mutual promises hereinafter set forth it is hereby agreed by and between the parties hereto as follows:

1. Parties of the First Part shall be principally and primarily obligated jointly and severally to pay for all legal services rendered to themselves and/or Govway Department Stores, Inc., including, but not limited to, all out of pocket expenses and costs incurred by party of the Second Part in rendering legal services."

There was testimony that it was subsequent to the execution of this document that Kallof rendered a statement for services and thereafter prepared the note and mortgage in the amount of the statement so rendered. There was evidence that Kallof had a conversation with Kadish concerning

Kallof's inability to continue rendering professional services unless he was paid. In relation to the execution of the note and mortgage, Kallof testified that he advised Kadish that in the absence of some payment:

> "* * * he would have to do as creditors of him would do, that is he would have to sue to collect."

Kallof then continued to render services until he was sued by Kadish.

There is ample evidence in the file to support the court's findings of full consideration for the promissory note.

The judgment is affirmed.

CAMERON and DONOFRIO, JJ., concurring.