464 P.2d 1008

Andrew J. EVANS and Mary R. Evans, his wife, et al., Appellants,

v.

FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Gibraltar Savings and Loan Association, an Arizona corporation, Appellee.

No. 1 CA–CIV 980.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 5, 1970.

Rehearing Denied March 3, 1970.
Review Denied March 31, 1970.

**422**

Lawrence C. Cantor, Phoenix, for appellants.

Snell & Wilmer, by Mark Wilmer, B. C. Porter, Phoenix, for appellee.

JACOBSON, Judge.

Lack of procedural "due process" is asserted in this appeal from a judgment in a foreclosure action entered in the Superior Court of Maricopa County.

GILBRALTAR SAVINGS AND LOAN ASSOCIATION brought a mortgage foreclosure action against defendants-appellants ANDREW J. EVANS, a retired attorney from Colorado and MARY P. EVANS, his wife. Plaintiff is represented on appeal by its receiver, FEDERAL SAVINGS AND LOAN INSUR-

ANCE CORPORATION. For purposes of clarity and convenience, the appellants shall hereinafter be referred to as plaintiff. The trial court entered judgment in favor of plaintiff and this appeal followed.

Only those facts which are necessary for a determination of the issue in this appeal are set forth below.

In July, 1963, the Evans executed a promissory note in favor of plaintiff secured by a mortgage on certain real property situated in Maricopa County. The Evans defaulted in the terms of the note and mortgage and in September, 1965, the plaintiff instituted the foreclosure action on which this appeal is based.

Plaintiff's complaint named numerous defendants in addition to the Evans. Answers were filed by some of the defendants (including the Evans) but others named and served failed to plead or otherwise respond, and their defaults were duly entered. In August, 1966, the trial court, having heard oral argument by counsel for both parties involved in this appeal, entered a minute order granting plaintiff's motion for summary judgment against the Evans. This summary judgment was not reduced to writing and filed with the clerk at that time. Thereafter, the Evans embarked on some procedural maneuvering which is not pertinent here. In March, 1968, a default hearing was held and a minute order granting default judgment was entered against all non-appearing defendants. The Evans were not given notice of this hearing and were neither present nor represented by counsel at the hearing. Subsequently, after hearing oral argument on the Evans' Objection to Judgment, a written judgment was signed and filed which included both the summary judgment previously granted against the Evans and the default judgment against the non-appearing defendants.

Defendants' Opening Brief on appeal states only one question for review, as follows:

"Were the defendants (Evans) denied due process of law by having default

judgment taken against them without them being present, either by counsel or in person, and when they had been informed that there was to be a trial on the merits?"

This "question presented" erroneously assumes that a default judgment was entered against the Evans. The written judgment clearly and effectively distinguishes between the default judgment entered against the non-appearing defendants and the summary judgment entered against the Evans. The fact that separate judgments against two classes of defendants were embodied in a single document in no way prejudiced the Evans.

■ The issue as to whether a defendant who has answered is entitled to notice of a default hearing before a default judgment is rendered against non-appearing co-defendants has already been decided adversely to the Evans by this court. Edwards v. Van Voorhis, 11 Ariz.App. 216, 463 P.2d 111 (Filed January 6, 1970). The Evans were in no way affected by the default judgment and were therefore not entitled to notice of the default hearing.

■ Early in the proceedings this case had been consolidated with another action pending against the Evans for the sole purpose of considering a motion to dismiss a counterclaim and third-party complaint. Six months thereafter the Evans received a notice that the other case had been set for trial and the notice erroneously indicated that the two cases were still consolidated.[1] The minute order granting summary judgment had been entered prior to receipt of the erroneous notice and had never been vacated. In addition, no motion had ever been filed requesting consolidation with another case for trial purposes nor had such consolidation ever been ordered. Clearly this notice contained a clerical error and there was no justification for the Evans relying on this erroneous

notice as constituting an order vacating summary judgment. Finally, the record discloses no prejudice to the Evans resulting from the receipt of the erroneous notice.

It is apparent from all the foregoing that the contention of defendants that they were denied procedural due process is without merit.

■ One other procedural matter on appeal deserves a comment. Plaintiff's Answering Brief was devoted solely to an effective rebuttal of the procedural question presented in defendants' Opening Brief and raised no other issues. In their Reply Brief defendants attempt to raise several additional issues of dubious merit. At oral argument plaintiff objected to this court's consideration of any issues raised in the Reply Brief which were not raised in the Opening or Answering Briefs. The objection was well taken. Rule 5(e) of the Rules of the Supreme Court, 17 A.R.S. (1956), which is applicable to briefs in this court, states a mandate in very direct and concise terms:

> "A reply brief may be filed * * * but its contents *shall be confined* to replying to questions either of law or fact raised by appellee's brief which were not contained in appellant's opening brief." (Emphasis added.)

The clear meaning of Rule 5(e) is that any issue not raised in defendants' Opening Brief or plaintiff's Answering Brief cannot be effectively raised in the Reply Brief. Counsel for defendants has violated both the letter and the spirit of this rule and we therefore deem this appeal to be submitted on the single question presented in the defendants' Opening Brief. Cf. Kadish v. Kallof, 3 Ariz.App. 344, 414 P.2d 193 (1966).

Inasmuch as the default-judgment issue has been decided adversely to appellants,

---

1. The notice was in the form of a minute entry order and contained the caption and file number of the other case pending against the Evans and also the file number of this case.

and there being no other issues properly before this court, the trial court's entry of summary judgment is affirmed.

EUBANK, P. J., and HAIRE, J., concur.