481 P.2d 519

Henry T. STEWART, Appellant,

v.

William G. FAHEY, Appellee.

1 CA–CIV 985.

Court of Appeals of Arizona,
Division 1,
Department B.
March 4, 1971.

(1965); 29 C.J.S. Electricity § 68, at 1167.

filed a quiet title action against Stewart, disputing his right to obtain title to the property involved in the U. S. patent wholly in himself. At the time of filing the quiet title action, Fahey also caused a lis pendens to be filed affecting the real property involved. This original litigation terminated in Stewart's favor some five years later on May 27, 1964.

On the basis of the successful termination of the prior litigation in his favor, Stewart on November 2, 1964, filed a complaint against Fahey alleging two claims.

The first alleged "slander of title," based upon Fahey's willful, false and malicious filing of a lis pendens against Stewart's title interest, thereby making it impossible for him to sell or dispose of the land, and resulting in $65,000.00 damages, and the second alleged a claim in defamation arising out of the broad publication of the notice of lis pendens.

After filing an answer, Fahey moved for summary judgment on the basis that Stewart's claims for relief were barred by the one-year statute of limitations (A.R.S. § 12–541) and that the filing of a lis pendens was an absolutely privileged act which would not give rise to a cause of action in either "slander of title" or defamation.

The trial court granted Fahey's motion for summary judgment and this appeal followed.

While it is clear that "slander of title" is not a true defamation action, being historically an action on the case for special damages arising from a falsehood, (see, "Injurious Falsehood: the Basis of Liability," W. Prosser, 59 Colum.L.Rev. 424 (1959)), it is equally clear that the privilege defenses available in an action for personal defamation are also available in an action for "slander of title." See Restatement of Torts § 585 et seq., § 635 et seq. (1938).

At common law, parties to judicial proceedings were granted an absolute privilege to use defamatory language because of the overriding public interest that persons

W. H. Chester, Phoenix, for appellant.

Snell & Wilmer, by John E. Lundin, Edwin F. Hendricks, Phoenix, for appellee.

JACOBSON, Presiding Judge.

We are asked in this appeal to determine whether a claim for slander of title may be based upon the filing of a lis pendens.

On February 9, 1959, plaintiff-appellant, Henry T. Stewart, acquired by patent from the United States government, title to a certain parcel of real estate. Approximately two weeks later, defendant-appellee, William G. Fahey, on February 21, 1959,

should speak freely and fearlessly in litigation, "uninfluenced by the possibility of being brought to account in an action for defamation." Laun v. Union Electric Co., 350 Mo. 572, 166 S.W.2d 1065 (1942). As the rule is stated in Restatement of Torts § 587 (1938):

> "A party to a private litigation * * * is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of a judicial proceeding in which he participates, if the matter has some relation thereto."

■ Thus, it is apparent that Fahey, in bringing his action for quiet title against Stewart, was absolutely immune from any action for defamation which Stewart might bring against him arising out of language spoken in the quiet title action, since the language did have some relation to the claim stated. Does it then follow that there is also immunity from an action in slander of title where the claimed slander is based upon a lis pendens recorded in connection with the same quiet title action? We believe it does.

■ The purpose of a lis pendens was early stated in Arizona by the case of Brandt v. Scribner, 13 Ariz. 169, 108 P. 491 (1910):

> "The statute is obviously intended to make the recording of the *lis pendens* constructive notice of all that is claimed in the action regardless of whether such claims are sufficiently plead, in so far as their nature and extent are disclosed by the pleadings * * *."

It is apparent then, that the recording of a lis pendens is, in essence, a statutorily authorized republication of pleadings in a judicial proceeding. If such pleadings are absolutely privileged, logically the statutorily authorized republication of such pleadings should likewise be privileged. This logical extension was upheld in the case of Albertson v. Raboff, 46 Cal.2d 375, 295 P.2d 405 (1956):

> "[T]he recordation of a notice of *lis pendens* is in effect a republication of the pleadings. The disparagement of title arises, therefore, from the recordation of the notice of *lis pendens* as well as from the pleadings. The publication of the pleadings is unquestionably clothed with absolute privilege, and we have concluded that the republication thereof by recording a notice of *lis pendens* is similarly privileged."

■ Since the recording of a lis pendens is specifically authorized by statute in the State of Arizona and has no existence separate and apart from the litigation of which it gives notice, we hold that the filing of a notice of lis pendens in this action was a part of a "judicial proceeding." Therefore the filing of the lis pendens was absolutely privileged and will not sustain an action for slander of title. Albertson v. Raboff, *supra*; Beuttenmuller v. Vess Bottling Co., 447 S.W.2d 519 (Mo. 1969). Obviously, what we have stated here concerning Stewart's claim for slander of title is equally applicable to his claim for defamation.

We do not intend to intimate that anything we have said herein would necessarily insulate a person who maliciously institutes a wrongful judicial proceeding from all liability for his malicious acts. *See* Comment (a), Restatement of Torts § 587 (1938).

Since the trial court's action in granting the motion for summary judgment can be sustained on one ground we need not discuss the statute of limitations defense also raised by Fahey.

Judgment affirmed.

HAIRE, J., concur.

EUBANK, Judge (specially concurring).

I differ in my view of the nature of the privilege involved in the case at bar; consequently, I am filing a special concurring

opinion to merely highlight this difference of opinion. My review of the law convinces me that the defendant's claim of "privilege" is well founded and we must therefore affirm the judgment on that basis.

It is the defendant's contention that the filing of a *lis pendens*, pursuant to A.R.S. § 12-1191, constitutes a privileged act and therefore the trial court properly granted him summary judgment. Defendant cites no specific Arizona statute or authority in support of his claim of "absolute privilege," but bases his claim primarily upon the California Supreme Court decision of Albertson v. Raboff, 46 Cal.2d 375, 295 P.2d 405 (1956) urging its applicability because our *lis pendens* statute (A.R.S. § 12-1191) was adopted from California. Cal.Civ. Code of Pro. § 409. *See* Brandt v. Scribner, 13 Ariz. 169, 175, 108 P. 491, 493 (1910). In *Albertson*, Justice Traynor, speaking for the court, reversed West Investment Co. v. Moorhead, 120 Cal.App.2d 837, 262 P.2d 322 (1953), Annot. 39 A.L.R. 2d 833, which held in effect that only a limited privilege attached to the filing of a *lis pendens*, saying:

"[T]he privilege applies to any publication, such as the recordation of a notice of *lis pendens*, that is required, * * *, or permitted, * * *, by law in the course of a judicial proceeding * * *. It is not limited to the pleadings, the oral or written evidence, to publications in open court or in briefs or affidavits. If the publication has a reasonable relation to the action and is permitted by law, the absolute privilege attaches." 295 P.2d at 409.

Although the court relied in part upon Section 47 of the California Code of Civil Procedure which expressly declares privileged a publication in any judicial proceeding, a statute which Arizona has not enacted, Justice Traynor explained that Section 47 was merely a reiteration of the rule at common law, " * * * that publications made in the course of a judicial proceeding are absolutely privileged." In support of this proposition, he cited among others Gosewisch v. Doran, 161 Cal. 511, 513-515, 119 P. 656 (1911), which contains an excellent analysis of the question, and the Restatement of Torts, §§ 635-639 (1938).

In the main, I agree with the reasoning in the *Albertson* case and would only question the decision's emphasis on the word "absolute" which by definition would seem to preclude the filing of a claim in malicious prosecution or defamation arising out of the filing of a false and malicious pleading. Such is not the majority rule in the United States. See the numerous citations collected in 50 Am.Jur.2d, Libel and Slander, § 238, at 751; and see W. Prosser, The Law of Torts, § 108, at 767 (2d Ed. 1955).

Fortunately, Arizona has avoided the use of the word "absolute" in this context and I would continue to do so.

It is true that A.R.S. § 12-1191, our *lis pendens* statute, was adopted from California, and it reads as follows:

"§ 12-1191. Notice of pendency of action affecting title to real property; filing; constructive notice to purchaser or incumbrancer

"A. In an action affecting title to real property, plaintiff at the time of filing the complaint, or thereafter, and defendant at the time of filing his pleading when affirmative relief is claimed in such pleading, or thereafter, may file in the office of the recorder of the county in which the property is situated a notice of the pendency of the action or defense. The notice shall contain the names of the parties, the object of the action or affirmative defense, the relief demanded and a description of the property affected.

"B. The recorder shall file the notice and record and index it in the names of the parties to the action, and thereafter a purchaser or incumbrancer of the property affected shall be held to have con-

structive notice of the pendency of the action and the claims therein made."

In the early case of Brandt v. Scribner, *supra*, our Territorial Supreme Court held, in effect, that the lis pendens was merely the tail of the dog and only served the purpose of giving constructive notice to persons that litigation affecting title was pending and that they dealt with the property at their peril until the litigation was concluded. The precise question in *Brandt* was whether the amendment of the pleadings altered the constructive notice given by the lis pendens, and the court held that it did not so long as the "nature and extent [of such claims] are disclosed by the pleadings." This old case points up the true nature of a lis pendens as a constructive notice device whose function is merely to impart notice of a pending action to third persons in their dealings with sepecific real property and it is not to preserve or impound the property. Hook v. Hoffman, 16 Ariz. 540, 561, 147 P. 722, 730 (1915). In addition, the notice given is prospective in that it only effects those rights of persons who acquire an interest in the real property after the lis pendens is filed of record. Mack v. Augustine, 3 Ariz.App. 542, 416 P.2d 436 (1966); Ticktin v. Western Savings and Loan Ass'n, 8 Ariz.App. 63, 442 P.2d 886 (1968). *See also*, 8 G. Thompson on Real Property § 4308, at 331 (repl. 1963).

The plaintiff based his slander of title claim exclusively upon the publication of the lis pendens and not upon the complaint in quiet title filed by defendant. This is analogous, in my view, to bringing such a claim based upon the publication of a summons rather than the complaint to which the summons refers. The trial court, apparently, following *Albertson, supra*, recognized the purely ancillary nature of the lis pendens and impliedly held it privileged. With this conclusion, I agree. It is my opinion that plaintiff should have brought his claim based upon the main quiet title action and not the filing of the lis pendens which merely gives constructive notice of the main suit to third persons.

There is a question in my mind whether or not the proper claim should have been brought in "slander of title" or "malicious prosecution." There is substantial authority that the act of wrongfully filing of record an unfounded claim to the property of another is actionable as slander of title. In Salt River Valley Water Users' Ass'n v. Peoria Ginning Co., 27 Ariz. 145, 231 P. 415 (1924) the "slander of title" involved an attempt to impose a landlord's statutory possessory lien after possession had been voluntarily surrendered. In Barnett v. Hitching Post Lodge, Inc., 101 Ariz. 488, 421 P.2d 507 (1966) the "slander of title" consisted of filing a false mortgage of record. This court in Deck v. Hammer, 7 Ariz.App. 466, 440 P.2d 1006 (1968) dealt with a "slander of title" claim based upon the filing of a mechanic's lien. *See* 39 A.L.R.2d 840 (Annot. Slander of Title— Recording Instrument). None of these slander of title cases involved a claim arising out of an alleged maliciously filed claim with a court such as found in the case at bar. However, such circumstances are found in Ackerman v. Kaufman, 41 Ariz. 110, 15 P.2d 966 (1932). In that case the Arizona Supreme Court, adopting the American Rule, in effect approved the legal concept of a claim in "civil" malicious prosecution, when it affirmed the jury award of damages (attorneys' fees) incurred in successfully defending against several maliciously filed claims. *See* W. Prosser, The Law of Torts § 99, at 662–666 (2d Ed. 1955).

It is my opinion that the claim advanced by the plaintiff in the instant case should have been based on the theory of malicious prosecution and not slander of title. In any event the elements of both claims are similar. In a slander of title claim, the proponent must allege and prove publication, malice and falsity and special damages. See the *Peoria Ginning Co., Barnett* and *Deck* cases, *supra;* W. Prosser, The Law of Torts § 108 at 760–769 (2d Ed. 1955). In a civil malicious prosecution

**154**

claim, the proponent must allege and prove the termination of the prior proceedings in his favor, lack of probable cause, malice, and special damages. *See Ackerman, supra*; Visco v. First National Bank of Arizona, 3 Ariz.App. 504, 415 P.2d 902 (1966); Lantay v. McLean, 2 Ariz.App. 22, 406 P. 2d 244 (1965) (based upon a criminal prosecution but applicable); W. Prosser, The Law of Torts, § 99 at 662–667 (2d Ed. 1955). Plaintiff's complaint as construed under our liberal pleading Rule 8, Rules of Civil Procedure, 16 A.R.S., sufficiently plead either cause of action. However, the legal theory of malicious prosecution was not raised by plaintiff for consideration by either the trial court or defendant at the hearing on the motion for summary judgment, and was raised only for the first time in plaintiff's reply brief on appeal.

Under such circumstances the theory cannot be considered by this Court for the first time on appeal. Marine v. Allstate Ins. Co., 12 Ariz.App. 229, 469 P.2d 121 (1970); Evans v. Federal Savings and Loan Ins. Corp., 11 Ariz.App. 421, 464 P.2d 1008 (1970). *See also* Owings v. Borrego, 68 Ariz. 405, 206 P.2d 1050 (1949); Shell Oil Co. v. Brazee, 51 Ariz. 143, 75 P.2d 45 (1938); 3 W. Barron & A. Holtzoff, Federal Practice & Procedure § 1242 at 199–200 (Wright Ed.1960); 5 C.J.S. Appeal & Error § 1501 at pp. 857–861. This is not to say that we are not obligated to construe all inferences to be drawn from the filed pleadings, etc. in favor of the losing party (plaintiff). But in the instant case we have pure questions of law and must necessarily restrict the theories of law to those presented to and considered by the trial court.

The Plaintiff's second claim based upon defamation was also dismissed on the basis of A.R.S. § 12–541. This statute is the one-year statute of limitations which applies to libel and slander actions. Our review of the record supports the decision of the trial court that this claim was barred.

I concur in the result reached by the majority for the reasons stated herein.