512 P.2d 1234

**Richard TODD, Appellant,**

v.

**Stephen L. COX and Kay K. Cox,
his wife, Appellees.**

**No. I CA–CIV. 1894.**

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 7, 1973.

Healy & Beal, P.C., by William T. Healy,
Tucson, for appellant.

Cox & Cox, by Alfred S. Cox, Phoenix,
for appellees.

HAIRE, Judge.

The only question presented on this appeal in a libel action is whether the affidavit testimony of defendant-appellee Stephen L. Cox was absolutely privileged as a statement made in the course of a judicial proceeding. The trial judge was of the opinion that it was, and therefore granted defendant Cox's motion for summary judgment.

The appellant-plaintiff Richard Todd, was a prosecution witness in the case of State v. Brazil, Maricopa County Superior Court No. CR–60857. Brazil's attorneys believed that Brazil's conviction was in part due to Todd's testimony. Brazil's attorneys contacted several other attorneys who had participated in trials in which Todd had testified as a witness, and requested that if they had an opinion of Todd's reputation for truth and veracity they furnish affidavits to be incorporated as exhibits to Brazil's motion for a new trial. Defendant Cox was one of the attorneys so contacted. Cox's affidavit attached to his motion for summary judgment states that he believed that his testimony of his knowledge of Todd's reputation for truth and veracity was pertinent and relevant to the issue of Todd's credibility which Brazil's attorneys intended to raise in their motion for new trial. His affidavit, in pertinent part, reads as follows:

"STEPHEN COX, being sworn on oath, deposes and says:

"1. I am an attorney licensed to practice in the State of Arizona. Prior to entering private practice I was a public defender for Maricopa County.

"2. I have had an opportunity to become aware of Officer Richard Todd's reputation for truth and veracity. On one occasion while I was in the public defender's office he lied on the stand.

He lacks a reputation for truth and veracity and has a reputation of being a smooth liar.

/s/ Stephen L. Cox"

This affidavit was attached to Brazil's subsequently filed motion for new trial made on the grounds of "newly discovered evidence".

Prior to making this motion for new trial, Brazil's conviction had been appealed to this Court. *See* State v. Brazil, 18 Ariz.App. 545, 504 P.2d 76 (1973). The motion for new trial was accordingly attached to and incorporated into a "Motion to Remand to the Trial Court for a Hearing on Newly Discovered Evidence" which was filed in the Brazil appeal. It was contended that the newly discovered evidence would show that Brazil was actually "framed" by Officer Todd who was out to "get him". This Court granted Brazil's motion to remand, and the motion for new trial was then filed in the trial court. Besides the affidavit of defendant Cox and several additional affidavits of similar character, other affidavits were attached to the motion for new trial purporting to show newly discovered evidence directly contradicting portions of Todd's testimony.

In Stewart v. Fahey, 14 Ariz.App. 149, 481 P.2d 519 (1971), we held that in a libel action a *party* to judicial proceedings was entitled to assert the defense of absolute privilege under the conditions set forth in § 587, Restatement of Torts, Vol. 3 p. 231. Thereafter, in Melton v. Slonsky, 19 Ariz.App. 65, 504 P.2d 1288 (1973), we refused to extend this absolute privilege defense so as to include a *witness* in a hearing before the Arizona State Liquor Board, but we did hold that such a witness was entitled to assert a qualified privilege defense. We must now decide whether, and under what circumstances, a *witness* giving testimony *in a judicial proceeding* is entitled to the protective umbrella afforded by the defense of absolute privilege, and if entitled to such protection, whether under the facts here presented, defendant-appellee Cox is such a witness.

Although we find no prior Arizona authority directly in point, we find the reasoning set forth in Stewart v. Fahey, *supra,* in support of the granting of absolute privilege to a *party,* highly persuasive. There we stated:

"At common law, parties to judicial proceedings were granted an absolute privilege to use defamatory language because of the overriding public interest that persons should speak freely and fearlessly in litigation, 'uninfluenced by the possibility of being brought to account in an action for defamation.'" (Citations omitted). 14 Ariz.App. at 150, 151, 481 P.2d at 521.

This same view has been adopted by the Restatement of Torts in § 588 as follows:

"A witness is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding and as a part of a judicial proceeding in which he is testifying, if it has some relation thereto.

"*Comment:*

"a. The function of witnesses is of fundamental importance in the administration of justice. The final judgment of the tribunal must be based upon the facts as shown by their testimony, and it is necessary therefore that a full disclosure be not hampered by fear of private suits for defamation."

*See also,* 50 Am.Jur.2d, Libel and Slander, § 249, p. 766, to the effect that this is the generally accepted view in the United States.

Assuming, as stated in Restatement § 588, *supra,* that a "witness" is absolutely privileged when "he is testifying" in a judicial proceeding, the next question to be determined is whether defendant Cox was a witness testifying in a judicial proceeding when he submitted the affidavit here involved. We hold that he was.

Without question the subject proceeding in the Maricopa County Superior Court was a judicial proceeding in the strictest

sense. Considering next whether Cox's affidavit constituted testimony, Rule 312, Rules of Criminal Procedure, 17 A.R.S., which governs the presentation of evidence on a motion for new trial in a criminal proceeding, provides as follows:

"Where a motion for new trial requires the determination of any question of fact, the court may hear evidence on the motion by affidavit or otherwise."

This rule specifically authorizes the use of affidavits for the presentation of evidence on the motion for new trial.[1] Under these circumstances the fact that Cox's testimony is written in affidavit form as authorized by Rule 312, rather than being in oral form, does not render Cox any the less a witness nor does it preclude his affidavit from being considered as testimony. Bearing these facts in mind, we are of the opinion that the same considerations of public policy which confer an absolute privilege upon a person testifying in open court are applicable to one testifying by affidavit. We are not unique in adopting this view. *See* Buschbaum v. Heriot, 5 Ga.App. 521, 63 S.E. 645 (1909); King v. Hildebrandt, 331 F.2d 476 (2d Cir. 1964); Williams v. Williams, 169 F.Supp. 860 (D. D.C. 1958); Conley v. Key, 98 Ga. 115, 25 S.E. 914 (1896); Schmitt v. Mann, 291 Ky. 80, 163 S.W. 2d 281 (1942); Burke v. Ryan, 36 La.Ann. 951 (1884); Middlesex Concrete Products and Excavating Corp. v. Carteret Industrial Association, 68 N.J. Super. 85, 172 A.2d 22 (1961); Jarman v. Offutt, 239 N.C. 468, 80 S.E.2d 248 (1954); 50 Am.Jur.2d, Libel and Slander, § 241, p. 757.

█ Of course, in order to be privileged the testimony must have some relation to the subject judicial proceeding. As stated in Comment *c.* of § 588, Restatement of Torts:

"*c. Relation of statement to proceedings.* Testimony to be privileged need not be material or relevant to the issues before the court nor does the fact that

the testimony is offered voluntarily and not in response to a question prevent it from being privileged if it has some reference to the subject of the litigation. If the defamatory matter is published in response to a question put to the witness by either counsel or by the judge, that fact is sufficient to bring it within the protection of the privilege, notwithstanding the fact that it is subsequently adjudged to be inadmissible. On the other hand, a witness who persists in answering a question which has no reference to the proceeding after the judge has excluded it, is not within the privilege."

Recognizing the general rule that allows the privilege if the testimony has "some relation" to the judicial proceeding or has "some reference to the subject of the litigation", and that defendant Cox's affidavit might qualify under such a rule, appellant contends that when, as here, the statement is given by a lawyer, voluntarily and not in response to any legal compulsion or interrogation, a strict rule of pertinence equal to that of legal relevance and materiality should be applied in determining whether the speaker is protected by absolute privilege. The argument continues that a lawyer has reason to know and is chargeable with knowledge of the principles of relevance and materiality and knows what the court can consider probative of the particular matter at issue and that therefore there is no reason not to hold a lawyer-witness answerable for defamatory material in a statement which is not legally relevant and material. Appellant frankly admits that he can cite no authority for this position.

In considering this contention, we first note that appellant errs in stating that defendant Cox's testimony was not given in response to any legal interrogation. The affidavit of Brazil's counsel filed in support of Cox's motion for summary judgment shows that Cox's testimony was in direct response to questions from Brazil's counsel. Next, we note that appellant's

---

1. *See also*, Rule 4(c), Rules of the Supreme Court, 17 A.R.S. which governs evidentiary presentations on motions filed in this Court.

**350**

theory that when a witness is a lawyer the privilege should be restricted to technically admissible evidence is not without serious practical difficulty. The lawyer-witness would be required to study the court file, research the applicable law and make his own independent decision (at his peril) as to the admissibility of the testimony sought from him. A lawyer-witness who is not asked for his expert opinion but rather for his observations, functions as a witness, not as a lawyer. The same overriding public policy which protects an ordinary lay witness demands that a lawyer-witness be able to testify freely in litigation. Furthermore, lawyers and even judges do not always agree on the admissibility of testimony. Barring unusual circumstances not here presented, it is our opinion that the lawyer-witness should be afforded the defense of absolute privilege if his testimony has "some relation" to the judicial proceedings, even though it might not constitute evidence relevant and material from a strictly legal evidentiary viewpoint.

Although not urged strenuously on appeal, in the trial court plaintiff placed great reliance on Ross v. State, 54 Ariz. 396, 96 P.2d 285 (1939). This was a criminal libel prosecution in which the Arizona Supreme Court held that the mere fact that a libelous affidavit had been attached to a complaint filed in an election contest did not confer a privilege defense upon the non-party affiant. The court stated that since defendant was not a party, he could not claim that the affidavit was privileged as part of the pleadings; that the affidavit could not be considered as evidence since the only proper method of presentation of evidence in that case would be by deposition or in person. The court then stated:

"Attaching it to the complaint did not change its character as an extra-judicial *ex parte* statement. Its only legitimate use was as a memorandum of what the witness (defendant here) claimed to know. There was no possible reason for filing it in the contest case, except to give its contents general publicity before the general election on the eighth day of November, 1938." 54 Ariz. at 403, 96 P.2d at 288.

From what has previously been stated in this opinion, it is apparent that the Ross decision is not in any way pertinent to the issue which we have under consideration. Here, Cox's affidavit was obtained and filed *as evidence* under a procedure expressly authorized by Criminal Rule 312. As we have stated above, the contents of the affidavit were directly related to the issue being presented to the court in the motion for new trial. Under these circumstances the trial judge correctly held that Cox could assert the absolute privilege defense.

The judgment is affirmed.

JACOBSON, C. J., Division 1 and EUBANK, P. J., concur.