636 P.2d 144

**Sarah BAILEY, a single woman, Petitioner,**

**v.**

**The SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF SANTA CRUZ, and the Honorable Richard J. Riley, a judge and Irene Castillo, a single woman, real party in interest, Respondents.**

**No. 2 CA–CIV 4061.**

Court of Appeals of Arizona, Division 2.

Sept. 30, 1981.

Waterfall, Economidis, Caldwell & Hanshaw, P. C. by Peter Economidis, Tucson, for petitioner.

Thomas C. Reed, Nogales, for real party in interest.

## OPINION

HOWARD, Judge.

Petitioner Bailey is the defendant in a defamation action brought by the real party in interest, Castillo. Petitioner's motion for summary judgment was denied and she has brought this special action to challenge this ruling. We believe special action intervention is appropriate since the challenged ruling is erroneous as a matter of law, *Safeway Stores, Inc. v. Maricopa County Superior Court*, 19 Ariz.App. 210, 505 P.2d 1383 (1973), and we therefore accept jurisdiction.

The parties agree that there is no material factual issue. They disagree only as to whether petitioner was entitled to summary judgment as a matter of law. The undisputed facts are as follows. Petitioner, a member of the State Bar of Arizona, filed a complaint with the Commission on Judicial Qualifications regarding Gilbert Soto, then justice of the peace in Nogales, Arizona. Her complaint against Judge Soto stated in part:

"In approximately March, 1977, a secretary to Soto [Irene Castillo] became pregnant. She was unmarried, age approximately 25, *had previously had one or two children out of wedlock. She was known at that time and since to be a female of easy virtue. She approached one of the young men with whom she had been sleeping, told him she was pregnant and requested assistance either in the form of a hasty marriage or $250 for an abortion.* He refused both. She apparently had the abortion and borrowed the money from a deputy County Attorney. Some four or

five months later, when she still had not repaid the loan, the attorney pressed for payment. Soto then called the man in on one of his 'investigative subpoenas.' (This is an interesting procedure in the nature of a 'one man jury' in which Soto decides to investigate, judge and render judgment on a given incident himself especially when he is personally involved.)" (Emphasis added)

Petitioner further stated in her complaint that Soto informed the young man that he was being charged with a criminal offense and that he had better get an attorney. She also alleged that when the man arrived at the justice court with his attorney, he was advised to pay the $250 for the abortion and also to pay the attorney $250 for representing him.

Petitioner moved for summary judgment on the ground that she had an absolute privilege with respect to the allegedly libelous statements about Castillo because the Commission on Judicial Qualifications exercises a judicial or quasi-judicial function. Castillo's position was that an absolute privilege did not extend to statements about her as she was not a party to the proceedings before the commission. The respondent court, in denying summary judgment, ruled that the emphasized remarks about Castillo were neither relevant nor material. We disagree.

■■ An absolute privilege against a defamation charge arises in the context of judicial proceedings, legislative proceedings and administrative or executive functions of the government. *Ross v. Duke*, 116 Ariz. 298, 569 P.2d 240 (1976). Defamatory statements contained in pleadings are absolutely privileged if they are connected with or have any bearing on or are related to the subject of inquiry. *Sierra Madre Development, Inc. v. Via Entrada Townhouses Association*, 20 Ariz.App. 550, 514 P.2d 503 (1973). The Commission on Judicial Qualifications is an arm of the Arizona Supreme Court. Cf. *Drummond v. Stahl*, 127 Ariz. 122, 618 P.2d 616 (App.1980). The Supreme Court has directed that written complaints against judges are to be filed with the

commission. 17A A.R.S., Rules of Procedure for the Commission on Judicial Qualifications, rule 2(A). The public policy considerations that afford an absolute privilege for defamatory statements made in a complaint about a lawyer's conduct to the State Bar apply equally well to a complaint about a member of the judiciary.

■■ The fact that Castillo was not a party to the proceedings before the commission does not bar assertion of the privilege. The defamatory statements can be about a stranger to the proceeding provided they bear a relationship to the proceedings. *Ginsburg v. Black*, 192 F.2d 823 (7th Cir. 1951); *Jones v. Trice*, 210 Tenn. 535, 360 S.W.2d 48 (1962); *Vieira v. Meredith*, 84 R.I. 299, 123 A.2d 743 (1956); *Donnell v. Linforth*, 11 Cal.App.2d 25, 52 P.2d 937 (1936); 50 Am.Jur.2d Libel & Slander § 238; 53 C.J.S. Libel & Slander § 104(c)(3).

■ The defense of absolute privilege is available if the defamatory statements have *some relation* to the judicial proceedings, even though they may not constitute evidence relevant and material from a strictly legal evidentiary viewpoint. *Todd v. Cox*, 20 Ariz.App. 347, 512 P.2d 1234 (1973). A defamatory statement contained in pleadings is absolutely privileged if it is connected with, has any bearing on, or is related to the subject of inquiry. If the party is made the subject of a suit for defamation, all doubts as to relevancy should be resolved in his favor. *Sierra Madre Development, Inc. v. Via Entrada Townhouses Association*, supra.

■ The defamatory statements about Castillo had a bearing on the subject of inquiry, i. e., whether or not Soto's actions constituted willful misconduct in office. See Arizona Const. art. 6.1 § 4. Canon 2(B) of the Code of Judicial Conduct mandates that a judge not allow any relationship to influence his judicial conduct or judgment and that he not lend the prestige of his office to advance the private interests of others. 17A A.R.S., Sup.Ct.Rules, rule 45. The statements concerning Castillo which are at issue had some bearing upon whether

or not Soto's issuance of his "investigative subpoena" constituted willful misconduct.

The order denying petitioner's motion for summary judgment is vacated and the cause remanded with directions to enter summary judgment dismissing the defamation complaint.

BIRDSALL, J., and JACK T. ARNOLD, Superior Court Judge, concur.

NOTE: Chief Judge JAMES D. HATHAWAY having recused himself in this matter, Judge JACK T. ARNOLD was called to sit in his stead and participate in the determination of this decision.