[No. 9036.   Department Two. — July 13, 1886.]

JAMES M. THOMPSON, APPELLANT, v. GEORGE W. WHITE, RESPONDENT.

SLANDER OF TITLE — PRIOR ACTION TO DETERMINE TITLE — NONSUIT. — In an action to recover damages for slander of title, the defendant is entitled to a nonsuit, if the evidence shows that the existence of the title alleged to have been slandered is in dispute in a prior action between the parties brought for the purpose of determining their rights.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*D. L. Smoot*, for Appellant.

*M. A. Wheaton*, for Respondent.

FOOTE, C. — This suit was instituted by Thompson for the purpose of obtaining a judgment for twenty thousand dollars damages against White, for slander of the former's title to an ore-roasting furnace, and for an injunction prohibiting him from continuing such slander.

After the evidence in the cause had been submitted to the court, it appeared to be undisputed that Thompson's title to the undivided interest which he claimed in the ore-roasting furnace as against White rested solely upon a decree of the Nineteenth District Court of the city and county of San Francisco, and a commissioner's deed thereunder.

Upon an inspection of the bill of exceptions in the record, it is evident that the action in which the decree ordering the deed to be made was rendered has never been finally disposed of, but is still pending.

The existence of the title itself alleged to have been slandered is yet in dispute between the parties to the original suit, brought for the purpose of determining that very issue.

Therefore, considering the law as laid down in sections 44–48 of the Civil Code, inclusive, and the facts of this case as disclosed by the record, we can perceive no good reason why the defendant should have been precluded from asserting orally or by publication that which he had a right to do, and was in good faith continuing to do, in the original and pending suit, which had for its object the determination of the question of title to the ore-roasting furnace.

To declare that the nonsuit in this case was improvidently granted would be, in effect, to say that where two parties are engaged in litigating the ownership to property which both claim, each could maintain an action for slander of title against the other for asserting orally or by publication his ownership of that which is thus in dispute.

The judgment and order should be affirmed.

Belcher, C. C., and Searls, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.