[Civ. No. 19604. Second Dist., Div. Two. Oct. 27, 1953.]

WEST INVESTMENT COMPANY (a Corporation), Appellant, v. PAUL G. MOORHEAD et al., Respondents.

Johnson & Reitz and Thomas F. McCue for Appellant.

Randolph J. Soker and Youngdahl & Glick for Respondents.

FOX, J.—Plaintiff appeals from a judgment of dismissal of its action for slander of title entered after a demurrer to its second amended complaint was sustained without leave to amend.

The material averments in plaintiff's second amended complaint recite that defendants maliciously entered into a conspiracy whose object was to impugn plaintiff's title to 155 parcels of real property by means of written and oral declarations calculated to cast clouds on said titles. The complaint alleges that pursuant to this conspiracy, defendant Moorhead filed an action on December 29, 1950, in the Superior Court of Los Angeles County, entitled "Paul G. Moorhead, Plaintiff, v. Safeway Homes, Ltd., a corporation, . . . West Investment Company, a corporation et al., Defendants," case No. 581468. In that action Moorhead, a defendant herein, is

alleged to have fraudulently and falsely claimed to have certain rights and interests in about 155 parcels of property described in the complaint. On the same day the above action was initiated, defendant Moorhead's attorney, also a defendant herein, filed a notice of *lis pendens* in the office of the county recorder.

The complaint alleges that both the filing of the action and the recording of the *lis pendens* referred to above was done with full knowledge of the falsity of the claims asserted and with the intent that it would cause damage to plaintiff, who was then engaged in constructing dwelling houses and installing street improvements on all the said 155 parcels of property, and who had already conveyed title to all but 70 of the parcels described. Plaintiff further alleged that at the time the action was commenced and the *lis pendens* filed, defendants were acting maliciously pursuant to their conspiracy, with knowledge of the fraudulence of their claims, knowing well that plaintiff alone was the owner of the remaining 70 parcels, that it had contracted in writing to sell numerous of the remaining 70 parcels to various purchasers, for which escrows had been opened, and that the recordation of the notice of *lis pendens* would prevent plaintiff from performing its obligations under the sales contracts and would impair the vendibility of the said 70 parcels.

It is alleged that after discovering the above facts, plaintiff made numerous demands upon defendants to dismiss their action No. 581468 as to plaintiff and to revoke said *lis pendens* notice insofar as it related to plaintiff's 70 parcels, but that notwithstanding such demands defendants failed and refused to dismiss the action as to plaintiff and refused "to discharge, cancel, revoke or alter" the *lis pendens* notice until May 17, 1951. The complaint states that the filing and maintenance of the action and the recording of the *lis pendens* slandered plaintiff's title to the 70 parcels, constituted a malicious disparagement thereof, and both decreased their value and impaired their vendibility, causing damage to plaintiff in the sum of $70,000. The remainder of the complaint recites in particular detail the specific items of damage included in the figure of $70,000 which are alleged to have flowed from the claimed malicious slander of title.

Defendants' demurrers to the second amended complaint were overruled, whereupon they filed their respective answers. Thereafter the court granted defendants' motion for recon-

sideration of their demurrers, and upon rehearing the demurrers were sustained without leave to amend. Plaintiff appeals from the resulting judgment of dismissal.

In its argument in support of the judgment, defendants rely upon the reasons advanced by the trial court in dismissing plaintiff's complaint. These are: (1) the recordation of a notice of *lis pendens* is privileged as being a communication in the due course of a judicial proceeding. (Civ. Code, § 47(2)); (2) in any event, the notice of *lis pendens* speaks only the truth and cannot form the basis of the present action. Neither of these arguments is tenable.

Section 47 of the Civil Code reads in part: "A privileged publication . . . is one made— . . . (2) In any . . . judicial proceeding . . ." It is undisputed that under the statutory dispensation thus granted, pleadings filed to commence an action in a court, and all subsequent communications of the judge, counsel, jurors, parties, and witnesses in the actual course of the *judicial* proceeding, are clothed with absolute privilege.

But such absolute privilege does not transcend the limits of what may properly be characterized as judicial proceeding; it will not attach to extrajudicial publications, related to the litigation, which are made outside the purview of the judicial proceeding. Thus, the recordation of a notice of *lis pendens* is not an act in the course of a judicial proceeding within the meaning of the privilege conferred by Civil Code, section 47(2). No function of the court or its officers is invoked; no machinery associated with the judicial process is set in motion. It is merely a private act undertaken dehors the judicial proceeding for the purpose of calling to the attention of all the world the pendency of litigation affecting the designated real property. In *Coley v. Hecker*, 206 Cal. 22 [272 P. 1045], the court stated that the wrongful recording of an abstract of judgment was not a malicious abuse of process (thus indicating, in effect, that it was an act outside of the judicial proceeding), but rather was a slander of the owner's title in the same category as a forged deed. In *Gudger v. Manton*, 21 Cal.2d 537 [134 P.2d 217], plaintiff prevailed in a slander of title action arising out of a levy and recordation of a writ of execution against a married woman upon her husband's separate property. On appeal it was contended that the levy of the execution was absolutely privileged as being an act in the due course of a judicial proceeding. To this argument the court replied:

"The levy of a writ of execution is not an act in the course of a judicial proceeding. It is merely an endeavor to collect a judgment rendered in the judicial proceeding, and the acts of the public officials involved are merely ministerial." Similarly, the recording of a notice of *lis pendens* stands on a footing not different from the recording of an abstract of judgment, as in *Coley* v. *Hecker, supra,* or the levy and recordation of a writ of execution as in *Gudger* v. *Manton, supra;* that is to say, it is an act apart from the judicial proceeding itself and not invested with the privilege of section 47(2) of the Civil Code.

Defendants' argument that the *lis pendens* itself contains no untruth and cannot be actionable is not only specious, but ignores the purpose and effect of the notice *lis pendens.* "The effect of a *lis pendens* is to give constructive notice of all of the facts apparent upon the face of the pleadings, and of those other facts of which the facts so stated necessarily put a purchaser on inquiry . . ." (*Harris* v. *Whittier Bldg. & Loan Ass'n,* 18 Cal.App.2d 260, 266 [63 P.2d 840].) It carries the number of the case to which it refers, and has the practical effect of incorporating by reference the contents of the pleadings. In short, it constitutes a republication of the statements contained in the pleadings to all who are charged with notice thereof under circumstances not protected by the absolute privilege of a judicial proceeding. That a wrongful and malicious recording of a notice *lis pendens* might serve as the basis of a slander of title action, present other necessary elements of the tort and absent a valid privilege, is tacitly assumed in *Smith* v. *Stuthman,* 79 Cal. App.2d 708 [181 P.2d 123]. In *New Orleans Land Co.* v. *Slattery,* 145 La. 256 [82 So. 215], plaintiff brought an action for slander of title based on the filing of a *lis pendens;* a judgment for defendant was sustained on appeal only because it was found that defendant acted in good faith and with probable cause. It must be concluded, therefore, if defendants brought their suit against plaintiff maliciously and without an honest belief in the validity of their asserted claim, then it follows that liability for slander of title would attach upon the filing of the *lis pendens* notice.

While the judgment of dismissal based upon sustaining the demurrer without leave to amend must be reversed for reasons to be later stated, we are not in agreement with plaintiff's contention that his complaint, in its present condition, states a cause of action. "A rival claimant of property is con-

ditionally privileged to disparage or justified in disparaging another's property in land by an honest and good faith assertion of an inconsistent legally protected interest in himself.'' (*Gudger* v. *Manton, supra,* p. 545; Rest., Torts, § 647.) In filing a legal action in which he asserted a claim to an interest in plaintiff's land, defendant Moorhead became a rival claimant to an interest in the property. ■ The recordation of the *lis pendens* notice in connection with that suit was therefore conditionally privileged if in initiating that litigation defendant Moorhead acted in good faith; such privilege, when not abused by the lack of good faith or the absence of an honest belief in the merit of the claimed right, would defeat the plaintiff's cause of action.

It is clear from the statements in the complaint that while plaintiff has alleged that defendant Moorhead filed his action in case No. 581468 maliciously and with knowledge of the falsity of his claims, it has nowhere alleged that such action was terminated in its favor. ■ It is, of course, well settled that even as between rival claimants to property, a complaint which alleges that the communication or publication of matter falsely and maliciously disparaged plaintiff's title states a cause of action good as against a general demurrer. (*Davis* v. *Wood,* 61 Cal.App.2d 788, 794-795 [143 P.2d 740].) This is true under most circumstances where only the sufficiency of the complaint is involved, for when such allegations of malice and bad faith are taken at face value, they negative the conditional privilege enjoyed by the rival claimant. ■ However, where a complaint upon its face alleges that the wrongful disparagement is predicated upon the recordation of a notice of *lis pendens* in connection with the filing of a prior legal action, a new and significant factor is injected into the situation. The plaintiff, who carries the burden of proving the abuse of a privileged occasion in the tort here under discussion (*Gudger* v. *Manton, supra,* p. 543), should under such circumstances also allege the termination, under conditions favorable to himself, of the prior proceeding relating to defendant's claimed interest in the disputed property. For it is essential and salutary in such a case, if the effective administration of justice is to be promoted and the rights of both parties safeguarded, that the crucial question of defendant's claim of title be first disposed of in the main action, and a result favorable to the defendant therein be achieved, before a cause of action for wrongful disparagement stemming from such claim can lie. Since the action of slander of title based on a

*lis pendens* notice bears a striking analogy to an action for malicious prosecution, the existence of a successful termination of the prior proceeding should be an integral and indispensible element when the tort assumes this character. Otherwise, litigants would be in a position to clog the avenues of the judicial process by filing an action for slander of title immediately upon the recording of the *lis pendens* notice, irrespective of the pendency of the action upon which said *lis pendens* was based. And the paradoxical possibility might exist whereby the plaintiff might prevail in the slander of title action, if perchance such action should be tried first in time, while in a subsequent trial of the other proceeding the rival claimant might fully establish the validity of his claimed interest.

It is patent that this consideration was the underlying rationale of the decision in *Thompson* v. *White*, 70 Cal. 135 [11 P. 564], in which plaintiff brought an action for slander of title. When plaintiff presented his case, the evidence revealed that the title alleged to have been slandered was the subject of contention in a previously filed and pending suit. Thereupon the court held, in affirming a judgment of nonsuit, that a nonsuit is properly granted where the evidence shows that the existence of the title alleged to have been slandered is in dispute in a prior action between the parties brought for the purpose of determining their rights. The pleadings in the instant case also show the bringing of such a prior action, but make no mention of the disposition of the controversy. If such proceeding terminated in favor of the defendant, it would be fatal to the existence of plaintiff's cause of action herein. If it is still pending, it is premature to bring the present action (see *Thompson* v. *White, supra*) for the reasons already discussed.

The fact that under proper circumstances the action of slander of title may assume the complexion and coloring of an action for malicious prosecution is clearly recognized in other jurisdictions where the question has arisen. In the case of *Hurwitz* v. *Lotz*, 172 La. 27 [133 So. 351, 352], the Supreme Court of Louisiana stated: ''An action for damages for slander of title, like a suit for damages for malicious prosecution, cannot be maintained if the act complained of was done without malice and was founded upon probable cause. . . .'' In the case of *Noble* v. *Johnson*, 180 Okla. 169 [68 P.2d 838, 841], the Supreme Court of Oklahoma stated: ''To sustain an action for slander of title, or for malicious prosecution, there must

be want of probable cause. In that respect I think they should be put very nearly upon the same ground." These views are endorsed by the Texas Court in *Humble Oil & Refining Co.* v. *Luckel* (Tex. Civ.App.), 171 S.W.2d 902, 907. The similarity of the actions gains in identity when the slander of title action is grounded upon the recordation of a *lis pendens* notice. (*New Orleans Land Co.* v. *Slattery*, 145 La. 256 [82 So. 215-216].) Since malice or lack of good faith is the vital ingredient in defeating the conditional privilege of a rival claimant (*Gudger* v. *Manton, supra*), plaintiff must be in a position to allege an adjudication or settlement of a prior action favorable to himself as an incident to his allegations of defendant's malicious disparagement of his title growing out of that action.

Since the necessity of alleging the favorable termination of the prior action does not appear to have been considered in the court below and since it may be possible for plaintiff to allege facts sufficient to state a cause of action in consonance with the views herein stated, the judgment is reversed with directions to grant plaintiff further leave to amend its complaint if it is so advised. The attempted appeal from the order sustaining the demurrer of defendants without leave to amend is dismissed. Each party shall bear his own costs on appeal.

Moore, P. J., and McComb, J., concurred.