No. 13185

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

CHARLES M. HAUPTMAN,

Plaintiff and Appellant,

-vs-

EDWARD, INC., a corporation,
KENNETH EDWARDS AND GARY EDWARDS,

Defendants and Respondents.

---

Appeal from: District Court of the Seventh Judicial District,
Honorable L. C. Gulbrandson, Judge presiding.

Counsel of Record:

For Appellant:

Moulton, Bellingham, Longo and Mather, Billings,
Montana
Bruce Ennis argued, Billings, Montana

For Respondents:

Gene Huntley argued, Baker, Montana
R. W. Heineman, Wibaux, Montana

---

Submitted: March 5, 1976

Decided: APR 2 8 1976

Filed: APR 2 8 1976

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal is from a partial summary judgment granted in the district court, Dawson County, in an action for specific performance of an option.

Two issues are presented for this Court's consideration:

(1) Did the district court err by granting partial judgment in favor of Edwards, Inc., the corporate defendant, on the theory that the corporate officers were not authorized to execute an option on its behalf?

(2) Did the district court err in refusing to grant plaintiff's motion for judgment on the pleadings with regard to defendants' cross-complaint?

Charles M. Hauptman, a geologist and lease broker, was the plaintiff in this action in the district court. Defendants were Edwards, Inc., a Montana farm corporation, and Kenneth Edwards and Gary Edwards, officers of the corporation.

Plaintiff obtained an option to lease, signed by Kenneth Edwards and Gary Edwards, which was repudiated when plaintiff attempted to exercise it. Plaintiff then sued the corporation for specific performance of the option. In its answer the corporation alleged the option was not valid because it was not approved by the corporation's board of directors or stockholders as required by section 15-2272, R.C.M. 1947. Thereafter plaintiff amended his complaint to join as defendants Kenneth and Gary Edwards, officers of the corporation, who had executed the option on behalf of the corporation.

Thereafter responsive pleadings by defendant corporation and defendants Kenneth and Gary Edwards brought about a second amended complaint, to which a second amended answer and a cross-complaint was filed by defendants. The second amended answer alleged the option was unenforceable because (1) it was subject

to an unfulfilled condition precedent; (2) it was not properly exercised; and (3) it was obtained by fraud.

The second amended answer also alleged, as a defense, that the option was not valid because the corporate officers who executed the option were not authorized to do so and the corporation did not ratify their acts. The second amended answer in a cross complaint requested damages for slander of title because of the filing of a lis pendens by plaintiff. Both parties filed motions for summary judgment.

The court on August 8, 1975, entered its findings of fact, conclusions of law and a partial summary judgment which dismissed plaintiff's claim against the corporation on the ground the corporate officers had not been authorized to act for the corporation when they executed the option. The district court denied plaintiff's motion for summary judgment on the pleadings, and denied summary judgment on the motion of Kenneth and Gary Edwards seeking relief individually.

The facts, for the most part, are not in dispute. On May 19, 1973, Kenneth Edwards and Gary Edwards signed an option as president and secretary respectively of Edwards, Inc., to lease to plaintiff certain lands in Dawson County, for the purpose of mining for coal, described as:

"Township 15 North, Range 53 East, M.P.M.

"Section 9: All
"Section 11: All
"Section 17: S-1/2."

Such lands were owned and operated as a farm by Kenneth Edwards for some 25 years. Prior to that they had been owned by his father and mother. He owned in excess of 7,000 acres of farm land. On January 1, 1972, a corporation was formed with Kenneth as president; Jeannie Edwards, his wife, vice-president, and Gary, his son, as secretary. Of the 1,078 shares of stock issued for the corporation, Kenneth owns 932 shares, Gary 145 shares and

Jeannie 1 share. In addition to the fact the corporation owns in excess of 7,000 acres of farm land, it also leases in excess of 6,000 acres.

In late 1972 and early 1973, plaintiff Hauptman was attempting to put together options for a large area, covering ten square miles, for a coal lease. At the time he contacted the Edwards he had options on some 14,000 mineral acres. On March 14, 1973, Hauptman met with Kenneth and Gary Edwards at the ranch house near Glendive, Montana. At that meeting the parties arrived at certain agreements (the substance of which are in dispute), and a document entitled an option to lease was executed.

A description of the lands and a copy of the proposed coal lease were attached to the option. The land described totaled 1600 acres. Kenneth and Gary Edwards initialed each page of the option to lease. Neither Kenneth nor Gary Edwards told Hauptman they were acting without authority on behalf of the corporation at the time they executed the option. The board of directors never formally met to consider whether the corporation should execute the option or for the purpose of ratifying.

Hauptman notified the corporation by two letters, dated July 10, 1973 and September 8, 1973, of his exercise of the option on 960 acres of the 1600 acres covered by it. Hauptman had discovered the corporation did not own coal under 640 acres of the lands described in the option. Kenneth Edwards first informed Hauptman the reason the corporation would not perform the option was that he did not like the terms of the transaction and he did not want the surface to be involved. The lack of corporate authority defense first appeared in the corporation's answer. After the corporation repudiated the option, Hauptman sued to compel the corporation to issue a lease covering the 960 acres under which it owned coal.

- 4 -

Before considering the issues raised on appeal, we note that much of appellant's original brief was devoted to establishing that neither the corporate defendant nor the individual defendants could rely on Montana statutes section 15-2271 and section 15-2272, R.C.M. 1947, to justify the corporation refusal to perform the option. The appellate brief of the corporation and Kenneth and Gary Edwards refers to this statutory authority for support as a "red herring", and then states:

> "We have no quarrel with the proposition that the disposition of this matter is governed by statute and the consistent construction of controlling statutes placed upon them by this Court and courts generally.
>
> "The statute upon which we rely is §15-2233 R.C.M. (1947) which reads as follows:
>
> "'Board of directors. The business and affairs of a corporation shall be managed by a board of directors. Directors need not be residents of this state or shareholders of the corporation unless the articles of incorporation or bylaws so require. The articles of incorporation or bylaws may prescribe other qualifications for directors. The board of directors shall have authority to fix the compensation of directors unless otherwise provided in the articles of incorporation.'
>
> "We consider this statute to be dispositive of the issue before the court. * * *."

With the considerations so focused, we discuss the issues.

Issue (1). Did the district court err by granting partial summary judgment in favor of the corporate defendant on the theory the corporate officers were not authorized to execute an option for the corporation? We find that it did.

We have no argument with Montana's case and statutory authority that "The business and affairs of a corporation shall be managed by a board of directors." Pioneer Minerals Corp. v. Larabie Bros. Bankers, Inc., 99 Mont. 358, 43 P.2d 884; Raish v. Orchard Canal Co., 67 Mont. 140, 218 P. 655. However, in the instant case, the corporate defendant is bound by the acts of its officers for several reasons: (1) the officers of the corporation

had express or implied authority to exercise the option, (2) the corporate officers are estopped to deny the option, and (3) the officers of the corporation are not entitled to relief upon the corporation's separate existence in order to avoid the corporation's obligations under the option.

Defendant corporation cites numerous Montana cases in support of its position that the officers were without authority to act for the corporation. Major reliance is placed on Hanrahan v. Andersen, 108 Mont. 218, 90 P.2d 494. Hanrahan is not factually similar to the instant situation. There a general manager who was a director and also treasurer, operated far beyond his authority, nearly destroying the corporation, and a stockholder instituted the suit to undo a series of questionable transactions. That is not the fact situation in the instant case. Other cases cited are not factually in point with the instant case. However, the most recent case of this Court considering a corporate officer's actual and implied authority, was not cited nor discussed by the corporate defendant in its brief on appeal. That case, Bentall v. Koenig Brothers, Inc., 140 Mont. 339, 372 P.2d 91, is factually similar to the instant case and it is controlling.

In Bentall, plaintiff Bentall sued defendant Koenig Brothers, Inc. on a promissory note executed by Arne Poulsen as Koenig's president. Poulsen had power to exercise full management and control of the corporation's affairs. The proceeds of the loan were used for corporate purposes. Koenig had three directors: R. W. Brenneke, Alvin F. Koenig and Arne Poulsen. No regular meeting of Koenig's board of directors was held to give formal authority for execution of the note, but rather Alvin F. Koenig and Poulsen decided to execute the note. In an effort to avoid its obligations under the note, the corporation argued, as in the instant case, that the note in question was executed and

delivered by the president Poulsen, without direct authorization by any order or resolution of the corporation's board of directors. This Court held that Poulsen had both express and implied authority to execute the note. The facts in Bentall are similar to those now in question in the instant case. We find no distinction between signing a promissory note by Poulsen and the signing of an option by Kenneth Edwards.

In the instant case, the option was granted Hauptman who had no privity to the internal affairs of the corporation. The facts, as disclosed by depositions, reveal that Kenneth Edwards had controlled the land for over 25 years prior to incorporation and was the controlling factor since its corporation. The corporation defendant gives much emphasis that Hauptman knew the land was owned by a corporation. He did, and responded reasonably that he held an option executed by two officers of that corporation who held themselves out to act on behalf of the corporation. We find Alley v. Butte & Western Mining Co., 77 Mont. 477, 251 P. 517, is controlling as to a corporate president's special authority. See also: Yucca Mining & Petroleum Co. v. Howard C. Phillips Oil Co., 69 N.M. 281, 365 P.2d 925, 929; Phillips Petroleum Co. v. Rock Creek Mining Co., 449 F.2d 664.

In addition, in the instant case, the corporation is estopped to deny the effect of the option under the recent holding in Howeth v. D. A. Davidson & Co., 163 Mont. 355, 365, 517 P.2d 722. There this Court said:

> "* * * the stockholders or directors and corporation may be estopped to deny the validity of their action where it is the custom or usage of the directors to act separately or where benefits have been received or the actions subsequently acquiesced in or ratified by the directors."

Clearly, we have here a case for estoppel, because a refusal to enforce the option could sanction a fraud and result in an injustice. Here, as in Bentall, where the corporation receives the benefits it is estopped from asserting the alleged defenses

- 7 -

to its obligation. Grover v. Garn, 23 Utah 2d 441, 464 P.2d 598.

Issue (2). The trial court erred in refusing plaintiff's motion for summary judgment on the corporation's cross complaint. Under the facts of this case the plaintiff's publication of a lis pendens was privileged and not subject to a slander of title action.

Defendants cite and rely upon West Investment Co. v. Moorhead, 120 Cal.App.2d 837, 262 P.2d 322. The holding there was overruled by a later California case, Albertson v. Raboff, 46 Cal.2d 375, 295 P.2d 405. In Albertson the court held a lis pendens filed under a California statute nearly identical to Montana's section 93-3005, R.C.M. 1947, was absolutely privileged without reference to the merits of the underlying action. See: Kropp v. Prather (Texas 1975), 526 S.W.2d 283, 287; Stewart v. Fahey, 14 Ariz.App. 149, 481 P.2d 519; Zamarello v. Yale, (Alaska 1973), 514 P.2d 228.

For the foregoing reasons, we reverse the district court's partial judgment in favor of the corporation and direct that court to grant plaintiff's motion for summary judgment on the corporation's cross complaint.

_____
Justice

We Concur:

_____
Justice.

_____
Hon. Robert Keller, District
Judge, sitting for Chief Justice
James T. Harrison.

- 8 -

Hon. Peter G. Meloy, District Judge, sitting in place of Mr. Justice Frank I. Haswell, and Mr. Justice Gene B. Daly, dissenting in part and concurring in part:

The majority opinion grounds the result therein reached on the case of Bentall v. Koenig Brothers, Inc., which approves a clear rule that the officers have no power to act unilaterally except in instances where management authority is placed in such officer and his acts are in the ordinary course of the corporate business. The opinion in the Bentall case specifically holds the note therein involved was in the usual and ordinary course of the corporate business. In the case under consideration here the majority opinion finds no distinction between the note in the Bentall case and the option here. With this conclusion we disagree.

The ordinary course of the business of Edwards, Inc., is that of agriculture and in no sense can we understand that the granting of a lease of acreage to "look for, test, work, mine, excavate, raise, clean, carry away and sell coal", is in the usual course of the corporate business.

We are mindful of the fact that in the case under consideration the corporate officers signing the lease owned almost all of the corporate stock but they chose to act in a corporate form which would require, in our opinion under the facts of this case, a corporate authority which is not present. To hold otherwise thwarts the legislative intent of the statute and is not consistent with the rule of this Court in such instance. The majority opinion, in our view, adopts a rule that the officer or officers holding a majority of the stock in a corporation can act for the corporation in any instance without action by the Board of Directors.

We do not concur with the majority opinion's application of the doctrine of estoppel.

- 9 -

We concur in the majority opinion's conclusion that the publication of a lis pendens was privileged and not subject to a slander of title action.

```
------------------------------------------
Hon. Peter G. Meloy, district judge,
sitting in place of Mr. Justice Frank
I. Haswell
```

                                    Justice

- 10 -

#13,185 Hauptman v. Edwards, Inc.

I concur in the results, but solely on the basis of estoppel, and a different estoppel than that relied upon in the majority opinion. When Kenneth and Gary Edwards, as owners of 99.9 per cent of the stock of the corporation, and constituting two-thirds of the board of directors, entered into a contract for the corporation, they are bound under principles of estoppel to affirm the contract, 19 C.J.S. 485, §1012. This court held similarly, without referring to estoppel, in Bentall v. Koenig Brothers, Inc., (1962), 140 M 339, 372 P2d 91, 94: "In the instant case, the defendant corporation's Articles of Incorporation provided for three members to act as directors of the corporation. At the time of the execution of the note in question, R.W. Brenneke, Alvin F. Koenig, and Arne Poulsen were its directors. It is undisputed that Alvin Koenig and Arne Poulsen authorized the execution of the note in question. They constituted a quorum and their action, which was not contrary to law nor contrary to the articles of incorporation or by-laws of the defendant corporation, was binding on the defendant corporation."

The point of the dissent is well made, and for that reason, I am not willing to rely upon apparent or ostensible authority (which, in turn, is dependent upon the instant transaction being in the usual or ordinary course of business).

At the same time, I am not satisfied that corporate officers are liable individually for acts done as corporate officers, even though without authority, absent fraud, i.e., to uphold the trial court would be to dismiss the corporation from this action, leaving the two defendants individually, and they may well not be liable, having acted as corporate officers.

I concur in the majority opinion's conclusion that the publication of the lis pendens was privileged and not subject to a slander of title action.

Hon. Robert S. Keller, District
Judge, sitting for Chief Justice
James T. Harrison