In re George R. GURS and Ann E. Gurs, Debtors.

James M. SAGHI and Carl F. Roepke, Sr., Appellants,

v.

Edward M. WALSH, Trustee, Appellee.

Edward M. WALSH, Trustee, Appellee,

v.

James M. SAGHI, Carl F. Roepke, et al., Appellants.

BAP Nos. NC–82–1108 EVK, NC–82–1109 EVK.

Bankruptcy No. 3–80–02061 LK.

Adv. Nos. 3–81–0081 LK, 3–81–0095 LK.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Feb. 18, 1983.

Raymond C. Marshall (argued), McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., Dek Ketchum (argued), Burlingame, Cal., Dean Pasvankias (argued), Kaplan & Pasvankias, George D. Humphreys (appeared), San Francisco, Cal., for appellants.

Linda Sorensen (argued), Phelan, Stuppi & Sorensen, San Francisco, Cal., for appellee.

Before ELLIOTT, VOLINN and KATZ, Bankruptcy Judges.

1. Section 544(a) provides as follows:
    (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

## OPINION

ELLIOTT, Bankruptcy Judge:

Appellants claimed that the debtors, George E. Gurs and his wife Ann E. Gurs, held record title to certain commercial real property located in Foster City, California as trustees of a resulting or constructive trust either in appellants' favor or in favor of business entities in which they claim interests. The claim is founded upon the argument that the debtors never held more than "bare legal title" to the property which was conveyed to them as a part of a complicated series of transactions amongst various parties.

The trial court granted summary judgment in favor of the trustee on the grounds that even if the debtors held the real property in question as trustees of a constructive or resulting trust in favor of one or more of the appellants, their rights were terminated by the trustee's powers under Bankruptcy Code § 544(a)(3). Section 544(a) is set forth in the margin.[1] It made this ruling even though one of the appellants, Saghi, had filed a civil action in the Superior Court for San Mateo County California and recorded a *lis pendens* asserting various claims with respect to the property shortly before the debtors filed their bankruptcy petition. We conclude that the trial court erred in ignoring the *lis pendens* and reverse and remand.

The provision of Bankruptcy Code § 544(a)(3) that the trustee takes the powers of a bona fide purchaser of real property, "without regard to any knowledge of the trustee or any creditor," does not override provisions of state law which impute notice of claims to real estate, such as a *lis pendens,* to all the world.

\*     \*     \*     \*     \*     \*

    (3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

Section 544(a) does not require that the court remove the phrase "bona fide purchaser" from its context under the Bankruptcy Code and under the facts involved in a particular case. A search for rights granted under state law in the abstract to "bona fide purchasers" is not required. To infer that such a requirement exists misapprehends the interaction of § 544(a) and state law. This interaction requires that the court compare a hypothetical person's right to those of the person against whom the trustee seeks to assert his § 544(a)(3) powers. It is fundamental that the comparison is to be made under state law. But, before this comparison of rights under state law may be analyzed, the question must be further framed by defining the hypothetical person in whose shoes the trustee stands. The process of defining the hypothetical person is a matter of federal bankruptcy law implicit in § 544, although not expressly defined. The court should turn to state law only after defining the nature of the hypothetical person, whose powers the trustee assumes.

The § 544(a)(3) hypothetical bona fide purchaser may be defined as follows:

A person who

(1) at the instant the petition is filed, purchases from the debtor;

(2) for value;

(3) in good faith;

(4) without actual knowledge of any defect or limitation in title;

(5) every interest in real property the debtor could have purported to convey without the terms of the conveyancing instrument itself evidencing irregularity;

(6) by an instrument that adheres to all formal requisites usually and regularly followed in the relevant jurisdiction (e.g. that the conveyance is in writing and acknowledged); and

(7) who as of the moment of purchase, takes all unilateral steps possible under relevant nonbankruptcy law to perfect the conveyance (e.g. recording).

Section 544(a)'s provision that knowledge of the trustee and of actual creditors is to be ignored is incorporated by element (4) above. However, it does not make irrelevant, notice constructively given by a *lis pendens* any more than it makes irrelevant the constructive notice given by other recorded instruments that might evidence a competing chain of title to the real property in question.

We note this result is consistent with the observations and conclusion of the Third Circuit in its recent decision, *McCannon v. Marston,* 679 F.2d 13 (3d Cir.1982), *rev'g sub. nom, In re Hotel Associates,* 10 B.R. 668 (Bkrtcy.E.D.Pa.1981), a decision announced subsequent to the trial court's ruling in this case. In that case the Court of Appeals determined that the trustee was bound by the constructive notice of competing claims to the property that local law imputed to all the world where the competing claimant was in possession of the property. Other recent decisions considering § 544(a)(3) uniformly adopt similar approaches. *In re Richardson,* 23 B.R. 434 (Bkrtcy.D.Utah 1982); *Matter of Elin,* 20 B.R. 1012 (D.C.D.N.J.1982); *In re Jones,* 20 B.R. 988 (Bkrtcy.E.D.Pa.1982); *Matter of Lewis,* 19 B.R. 548 (Bkrtcy.D.Idaho 1982).

Having examined the nature of the hypothetical person whose powers the trustee takes, a comparison of the rights and duties of the trustee as against those whose rights he hopes to defeat is now possible.

Under California law, the filing of a *lis pendens* in connection with a lawsuit against the record title holder of real property, gives constructive notice of the pendency of the action, as it relates to the real property, to all subsequent purchasers from the record title holder. Cal.Civ.Pro.Code § 409(a). Moreover, the *lis pendens* gives constructive notice not only of the facts apparent on the face of the pleadings in the action, but also all facts which could have been ascertained by proper inquiry. *West Investment Co. v. Moorhead,* 120 Cal.App.2d 837, 262 P.2d 322 (1953); *Olson v. Cornwell,* 134 Cal.App. 419, 25 P.2d 879 (1933). Thus, the trustee is bound by facts disclosed by Saghi's *lis pendens,* the pleadings on file with the Superior Court, and any facts to

which a reasonable inquiry in light of the foregoing items would necessarily lead.

■ The issue then is: Was there constructive notice of each of the appellant's claims? Saghi's *lis pendens* asserts that his object in the Superior Court action was to obtain a judgment:

(1) compelling defendants to convey legal title and possession of the real property to Foster City Associates, as trustee for Foster City Limited;

(2) declaring that defendant George R. Gurs has a fiduciary obligation to have the legal title and possession of the real property described in this notice conveyed to Foster City Associates, as trustee for Foster City Limited;

(3) declaring that defendants George R. Gurs and Ann E. Gurs hold the real property mentioned in this notice in constructive trust for Foster City Associates, as trustee for Foster City Limited; and

(4) declaring that defendants George R. Gurs and Ann E. Gurs hold title to the real property mentioned in this notice in resulting trust for Foster City Associates, as trustee for Foster City Limited.

The appellants in this action assert numerous conflicting claims to the property. Appellant-Stuart Kaplan, is a party in his capacity as a state court receiver for "Foster City Associates, a limited partnership" and "Foster City Limited, a limited partnership." All of the appellants except Dennis C. Fulton and Nancy B. Fulton seem to agree that their rights in the property are derived through those two partnerships and that those two partnerships are the entities referred to in Saghi's *lis pendens*. The Fultons' apparently claim that "Foster City Associates" was not, at the relevant time, a partnership at all, but rather a joint venture created by an entirely different agreement than the one the other appellants assert created "Foster City Associates". They apparently assert that the reference in the *lis pendens* to "Foster City Associates" is to this joint venture through which they make their claim. Although the trial court made certain findings with respect to the Fultons' position, those findings appear to ignore contradictory evidence submitted by the Fultons and do not clearly address the factual theory offered by them. A genuine issue of fact clearly exists as to these issues. The pleadings in the Superior Court action are not contained in the record before us. Apparently because of the trial court's manifest opinion that the *lis pendens* was not effective as to the trustee, the parties have not placed into evidence an adequate foundation to determine if each of the appellants is protected by the *lis pendens*. Thus, we hold that the record in its present state cannot sustain a summary judgment against any of the appellants. Both the scope of the notice provided by the *lis pendens* and the relationship of the appellants' claims to that notice remain unresolved. *See* Fed.R.Civ.P. 56(c) made applicable by Bankruptcy Rule 756.

We do not consider appellee's argument, which was not argued to the trial court, that Bankruptcy Code § 547 negates the effect of the *lis pendens*. Appellants contend that even had the *lis pendens* not been filed, the effect of § 541(d) and various alleged limitations to § 544(a) would defeat the trustee's claim. Although the interaction of § 544(a)(3) and § 541(d) has been discussed elsewhere, *In re Elin, supra,* 20 B.R. at 1014–18, in light of our disposition, we need not address these issues.

REVERSED and REMANDED for further consideration consistent with this determination.