**In re Claudio Sorenson CASTRO and Melody La Raine Castro, Debtors.**

**James JOSEPH, in his capacity as trustee of the estate of Claudio Sorenson Castro and Melody La Raine Castro, Plaintiff,**

**v.**

**John T. HEWITT, an individual, and Hewitt Industries of Los Angeles, Inc., a corporation, Defendants.**

**Bankruptcy No. SA 91–32100 JR.**
**Adv. No. SA 92–1935 JR.**

United States Bankruptcy Court, C.D. California.

June 23, 1993.

Ben Farber, Beverly Hills, CA, for defendants.

Bruce Fink, Santa Ana, CA, for plaintiff.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

### INTRODUCTION

James Joseph, Chapter 7 trustee ("Trustee"), brought this proceeding against John Hewitt, an individual, and Hewitt Industries of Los Angeles, Inc. (collectively "Hewitt") to quiet title to real property located in Montevideo, Uruguay (the "Property"). After hearing cross-motions for summary judgment, I granted judgment for Hewitt. I found that Hewitt had paid the entire purchase price, all maintenance costs, and taxes on the Property and was the equitable owner of the Property. Further, I found that such ownership was not defeated by Trustee's avoidance powers under § 544(a)(3) of the Bankruptcy Code (the "Code") since Trustee had constructive notice of the equitable claim from Debtors' schedules. On Trustee's motion for reconsideration, I took under submission the question of whether Trustee had constructive notice of an equitable claim based upon information contained in late filed schedules.

### JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district), and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O).

### STATEMENT OF FACTS

On October 6, 1987, while in Uruguay, Claudio Sorenson Castro and Melody La Raine Castro ("Debtors") and Hewitt purchased the Property. Hewitt paid the entire purchase price. Title to the Property is held by John Thomas Hewitt and Claudio Sorenson Castro. Debtors were to pay Hewitt one-half the purchase price for their interest in the Property. The parties orally agreed that Debtors would hold legal title to the Property in trust for Hewitt until Debtors paid Hewitt their share of the purchase price. Debtors failed to reimburse Hewitt.

On June 5, 1989, Hewitt instituted an action in the Orange County Superior Court for payment or full title to the Property. On March 6, 1991, the superior court action was stayed by the filing of Debtors' Chapter 13 case. Debtors filed their Chapter 13 petition without the accompanying schedules and plan. On March 22, 1991, Debtors were granted an extension to file their schedules and plan. On April 4, 1991, the case was converted to Chapter 7. Debtors filed their schedules disclosing Hewitt's claim on the Property on May 16, 1991.

Trustee claiming his hypothetical bona fide purchaser status brought a motion for summary judgment under § 544(a)(3) to avoid Hewitt's asserted interest in the Property. Hewitt in a cross-motion for summary judgment contended that Trustee does not have bona fide purchaser status because Trustee had constructive notice of Hewitt's equitable claim.

I granted summary judgment for Hewitt. I found that Trustee had constructive notice of Hewitt's equitable claim since the claim was listed on Debtors' schedules. This finding was based on *In re Professional Investment Properties of America*, 955 F.2d 623, 629 (9th Cir.1992), which held that the contents of an involuntary petition put the bankruptcy trustee on constructive notice of the petitioning creditor's unrecorded interest.

Trustee brought this motion for reconsideration, distinguishing *Professional Investment* from the facts in this proceeding. I took the matter under submission on the constructive notice issue.

1. The § 544(a)(3) hypothetical bona fide purchaser has been defined as follows:
    A person who:
    (1) at the instant the petition is filed, purchases from the debtor;
    (2) for value;
    (3) in good faith;
    (4) without actual knowledge of any defect or limitation in title;
    (5) every interest in real property the debtor could have purported to convey without the terms of the conveyancing instrument itself evidencing irregularity;

## DISCUSSION

The Code § 544 provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of
. . .
> (3) a bona fide purchaser of real property . . . from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). A trustee, therefore, has the rights of a hypothetical bona fide purchaser upon the filing of the petition.[1]

This status is unaffected by a trustee's actual knowledge; however, it is affected by constructive notice of claims against the property of the estate. *In re Gurs*, 27 B.R. 163, 165 (Bankr. 9th Cir. 1983). State law determines whether a trustee has constructive notice. *In re Marino*, 813 F.2d 1562, 1565 (9th Cir.1987).

California Civil Code § 19 defines constructive notice: "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact." Cal.Civ.Code § 19 (West 1982).

Under this definition, constructive notice is generally found when: (1) the claimant is in clear and open possession of

(6) by an instrument that adheres to all formal requisites usually and regularly followed in the relevant jurisdiction (e.g. that the conveyance is in writing and acknowledged); and
(7) who *as of the moment of purchase*, takes all unilateral steps possible under relevant nonbankruptcy law to perfect the conveyance (e.g. recording).
*In re Gurs*, 27 B.R. 163, 165 (Bankr.9th Cir. 1983).

the property;[2] (2) the claim has been recorded;[3] or (3) a notice of lis pendens has been filed.[4] The Ninth Circuit recently held that an involuntary petition filed by a creditor can give constructive notice of a claim to the trustee. *Professional Investment*, 955 F.2d at 629.

In *Professional Investment*, a creditor filed an involuntary petition to force the debtor into bankruptcy. The creditor had received a deed of trust as security for a loan made to the debtor, but did not record the deed. The creditor attempted to impose an equitable lien on the proceeds of a sale of the real property by the trustee. The trustee attempted to avoid the lien using § 544(a)(3). *Id.* at 625.

The Ninth Circuit held that the contents of the involuntary petition gave the trustee constructive notice of the creditor's claim. *Id.* at 628. The involuntary petition contained information regarding the creditor's claim. Since the claim of the creditor in *Professional Investment* was listed on the involuntary petition, the court held that the trustee was put on inquiry notice sufficient to defeat his hypothetical bona fide purchaser status. *Id.*

Here, Hewitt's claim was set out in Debtors' schedules which were filed 64 days after the filing of the voluntary petition.

The question is whether the schedules constituted constructive notice of Hewitt's claim.

■ A petition can be filed to initiate a case in bankruptcy without the filing of schedules. A debtor has 15 days to file schedules.[5] Hewitt argues that the schedules should be considered part of "the petition" which under *Professional Investment* would constitute constructive notice.

■ Upon reconsideration, I am convinced that the late-filed schedules should not be considered part of the petition. First, the petition and the schedules are separate documents. The filing of a voluntary petition, not the schedules, commences the case.[6] Unlike an involuntary petition, a voluntary petition does not contain information regarding claims.[7] The claim information is set forth in the schedules which may be filed with the petition or later. The court in *Professional Investment* noted that any information or notice attained after the filing of the petition does not bear on the trustee's bona fide purchaser status. *Professional Investment*, 955 F.2d at 628. Here, Hewitt's equitable claim was described in debtor's schedules which were filed 64 days after the petition.[8]

**2.** *In re Thomas*, 147 B.R. 526, 530 (Bankr.9th Cir.1992).

**3.** *Id.*

**4.** *Gurs*, 27 B.R. at 165.

**5.** Federal Rule of Bankruptcy Procedure ("FRBP") 1007(c). FRBP 1007(c) allows a voluntary case to be "commenced" by the filing of a face sheet without complete schedules and statement of affairs. FRBP 1007 discusses the lists, schedules and statements as being filed with the petition, not as part of the petition. Further, the Local Bankruptcy Rules ("LBR") refer to the "petition" as Official Form No. 1 or 5 and refer to the schedules and other documents as "[t]he papers to complete the filing." LBR 103(7)(b). Taken together, the statutory references to the petition strongly urge a finding that "the petition," as formally used, refers to the face sheet only.

**6.** FRBP 1002 states that a case is commenced by the filing of a petition. *See* Code § 301 (stating that a case is commenced by the filing of a petition). The Advisory Committee Note to

FRBP 1002 refers the reader to Official Bankruptcy Forms No. 1 (Voluntary Petition) and No. 5 (Involuntary Petition). The Advisory Committee Note to Official Form No. 1 states that "Form 1, the Voluntary Petition, is to be used to commence a voluntary case." In conjunction with the definition for "petition" in Code § 101(42) and the Advisory Committee Note to FRBP 1002, this statement suggests the face sheet alone constitutes "the petition."

**7.** The involuntary petition requires the name of the petitioning creditor, a description of the nature of the claim, and the amount of the claim.

**8.** It is consistent with the purposes behind the trustee avoidance powers to fix the date for determining constructive notice at the date of the filing and to limit the determination of constructive notice to the information available at that time. These avoidance powers enable a trustee to marshal assets for the estate. Collier on Bankruptcy § 544.01. Section 544(a)(3) was intended to give a trustee the power to "strike down secret liens." *Id.*

The trustee's bona fide purchaser status arises "as of the commencement of the case," i.e. the instant the petition is filed. 11 U.S.C. § 544(a). Hewitt argues that Debtor's schedule should relate back to the filing of the petition, thereby placing Trustee on notice of Hewitt's claim.

If I agree with Hewitt's relation back argument, equitable claims undisclosed at the time of filing would prevail over the estate. Also, uncertainty would exist since a debtor could manipulate the timing of such claims through extensions to filing schedules and amendments. This could hamper a trustee's efficient administration of the estate.

By limiting constructive notice, creditors will have the incentive to give public notice of their claims. Creditors who protect their interests should be rewarded.[9] The avoidance process, however, should not be limited to protect creditors who do not record their claims or file a notice of lis pendens.

Lastly, in *In re Thomas*, 147 B.R. 526, 531 (Bankr.9th Cir.1992), the court found that a voluntary petition did not provide constructive notice to the trustee. The debtor filed a voluntary petition without listing an unrecorded parcel of property on his bankruptcy schedules. The court stated that the petition did not provide constructive notice. The court explained that "unlike *Professional Investment*, the petition made no mention of [the creditor's] interest in the property." *Id.*

The status of late-filed schedules was not an issue in *Thomas*, however, the holding supports a finding that late-filed schedules should not bear on constructive notice. *Thomas* determined constructive notice from the information available as of the filing date. *Id.* Accordingly, Trustee did not have constructive notice of Hewitt's claim because the information was not available when Debtors filed their petition.

**9.** In fact, rewarding the diligent creditor is another one of the purposes behind the trustee's

## CONCLUSION

For all the above reasons, Debtors' late-filed schedules did not provide constructive notice to Trustee of Hewitt's claim. Trustee's motion for reconsideration, therefore, is approved.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This memorandum opinion shall constitute my findings of fact and conclusions of law.

avoidance powers. *In re Wind Power Systems, Inc.*, 841 F.2d 288, 292 (9th Cir.1988).